[No. 13824.  In Bank. — December 10, 1890.]

EMMA BUCKLEY ET AL., RESPONDENTS, *v.* THEO-DORE ALTHORF, APPELLANT.

APPEAL — NEW TRIAL — MOTION ON MINUTES OF COURT — NOTICE OF INTEN-TION — SPECIFICATIONS. — Where a motion for a new trial is submitted on the minutes of the court, and no specification of insufficiency of the evidence or assignment of errors is given in the notice of the motion, no subsequent statement of the case is authorized, and if made and settled, will not be considered on appeal.

ID. — STATEMENT NOT FILED IN TIME. — A statement on motion for a new trial, served six days after the expiration of the time allowed by law and by all extensions given, will not be considered on appeal.

ID. — DISMISSAL — FAILURE TO FILE TRANSCRIPT — INSUFFICIENT RECORD — REINSTATEMENT. — Where no transcript is filed within forty days after the perfecting of the appeal, and there is no statement cr bill of exceptions which can be used upon the appeal, settled or pending settlement, the appeal is properly dismissed, and will not be reinstated, if no sufficient cause is shown why the order of dismissal should be vacated.

MOTION to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a motion for new trial.

The facts are stated in the opinion of the court.

*Hassett & Tevlin,* for Appellant.

*Charles J. Heggerty,* and *Gunnison & Booth,* for Respondents.

The COURT. — On the 28th of July, 1890, an order was made and entered in this cause, dismissing the appeal, and, under the rule of the court, *remittitur* was issued forthwith. Subsequently, upon an *ex parte* showing, which seemed to be sufficient, the *remittitur* was recalled, and the appellant moved the court to vacate or modify the order dismissing the appeal, on the ground that the same had been improvidently made, through a misconception of the facts and the records in the cause. The reasons for making the order were not then fully stated in the opinion, nor was it entirely correct in its statement of the rule of practice under the codes. The reasons then given will therefore be stricken out, but the motion to vacate the order dismissing the appeal or to modify the same must be denied.

The action was for forcible entry and detainer. Judgment for plaintiff, March 5, 1890. On the 8th of March, notice of intention to move for a new trial, to be heard on the minutes of the court, was given. The motion came on regularly to be heard on the 11th of March, and was then overruled. On the same day, notice of appeal was given, and undertaking on appeal filed March 13th. On the 21st of March, appellant procured from the judge of the court below an order granting to defendant "twenty days' further time from date hereof in which to prepare and serve his proposed statement on appeal herein." On the tenth day of April, he procured

from the judge another order, giving him "five days from the date hereof in which to prepare and serve his proposed statement on appeal herein." This time expired April 15th. In law and in fact he was not entitled to have settled in the case any "statement on appeal." His motion for new trial having been submitted on the minutes of the court, he could only bring to this court, on appeal, matters other than those appearing in the judgment roll by bill of exceptions, or a "statement of the case, subsequently prepared." (Code Civ. Proc., sec. 661.) And he was entitled to such a statement only upon having made a motion on the minutes of the court, upon notice duly given as provided in subdivision 4 of section 659 of the Code of Civil Procedure. That subdivision provides that a notice of motion to be heard on the minutes of the court must specify the particulars wherein the evidence is claimed to have been insufficient, and the errors of law relied upon. It does not appear that any such specification was given, or assignment made, in the notice given in this case. Even when the notice is so given, the "statement of the case, subsequently made," must be confined to the errors and particulars specified in the notice. As none were so specified, no subsequent statement of the case was required or authorized. The extensions of time were therefore secured to do something which the law did not authorize to be done, or which could not be used on appeal if done, whether that something was to prepare and serve "proposed statement on appeal," or "statement of the case, subsequently made." The extended time expired on April 15th. The proposed statement was not served until the twenty-first day of April, — six days after the expiration of the time allowed by law and by all extensions given. So that on this ground, also, the statement was one which the court was not called upon to settle, and which could not be used upon the appeal. No transcript was filed within forty days after the perfecting of the appeal, and there

was no statement or bill of exceptions to be used, or which could be used, upon the appeal, settled or pending to be settled. The transcript was not therefore filed in time, and the order dismissing the appeal was properly made. No sufficient cause is shown why said order should be vacated, and the motion to vacate the same is denied.

Let *remittitur* herein issue forthwith.