[No. 13590.   Department Two. — November 25, 1891.]

## FREDERICK STEEN, APPELLANT, *v.* HENRY WILLIAMSON, RESPONDENT.

NEGLIGENCE— UNAVOIDABLE ACCIDENT — INSTRUCTION. — In an action for damages for personal injuries alleged to have been caused by the negligence of the defendant's employee, where the evidence tends to prove that the injury sustained by the plaintiff was the result of unavoidable accident, and not of negligence or carelessness, it is proper to instruct the jury that if they believe that the injury sustained by the plaintiff was occasioned by an unavoidable accident on the part of the agents of the defendant, without negligence on their part, they should render a verdict for the defendant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Ferral & Payson,* for Appellant.

The fact of the dropping of the pipe, under the circumstances shown in this case, is presumptive proof of negligence, and throws the burden of explaining the occurrence, and of showing that it was the result of inevitable accident, upon the defendant. (*Carpue* v. *London R. R. Co.,* 5 Ad. & E. 751; *Ellis* v. *P. etc. R. R. Co.,* 2 Ired. 140.) We do not contend that the mere happening of an event which causes damage to another raises a presumption of negligence; but where the instrument which causes the damage is at the time in the immediate control and management of the defendant or his servants, and the ordinary manipulation of that instrument does not cause damage, then, if damage does occur, the law raises a presumption that the party having control of the instrument was guilty of some carelessness in operating it, and requires him to show that the injury was the result of some agency not under his control. (1 Addison on Torts, p. 514, sec. 586; *Hull* v. *Sac. V. R. R. Co.,* 14 Cal. 388; *Boyce* v. *Cal. Stage Co.,* 25 Cal. 460–469; affirmed in *Lawrence* v. *Green,* 70 Cal. 417; 59 Am. Rep. 428; *Fagundes* v. *C. P. R. R. Co.,* 79 Cal. 100.) The mere fact that the injury was the result of accident is no excuse, and does not relieve the defendant. (*Leame* v. *Bray,* 3 East, 599; Cooley on Torts, 661–665.) Nor do the facts that Brown was a skillful employee, and that he was attending to business, and that his attention was not distracted, afford an explanation of the occurrence; these facts serve only to make it still more inexplicable. (*Boyce* v. *Cal. Stage Co.,* 25 Cal. 469; *Ellis* v. *P. etc. R. R. Co.,* 2 Ired. 140.)

*E. F. Preston,* and *Dunne & McPike,* for Respondent.

The defendant is not liable for the injuries received by the plaintiff, as it was caused by mere accident; and a mere accident by which a person is injured, without further showing of design or fault, will not make out a

*prima facie* case of negligence. (*Brown* v. *Kendall*, 6 Cush. 295; *Sutton* v. *Bonnett*, 114 Ind. 243; *Schultz* v. *Chicago & N. W. R'y Co.*, 67 Wis. 616; *Garris* v. *P. etc. R. R. Co.*, 2 Ired. 324; *Case* v. *Chicago etc. R. R. Co.*, 64 Iowa, 762; *Harvey* v. *Dunlop*, Hill & Den. 194; *Boyd* v. *Graham*, 5 Mo. App. 403, 406–408; *Dygert* v. *Bradley*, 8 Wend. 472; *Bizzell* v. *Booker*, 16 Ark. 308; *Vincent* v. *Stinehour*, 7 Vt. 62; 29 Am. Dec. 145; *Morris* v. *Platt*, 32 Conn. 85; *Hodgson* v. *Dexter*, 1 Cranch C. C. 109; *Harding* v. *Fahey*, 1 G. Greene, 378; *Nitro-Glycerine Case*, 15 Wall. 537; *Davis* v. *Saunders*, 2 Chit. 639; *Goodman* v. *Taylor*, 5 Car. & P. 410. See also Shearman and Redfield on Negligence, sec. 5; Deering on Negligence, sec. 4; 2 Thompson on Negligence, sec. 1234.) The instruction complained of was proper. "Unavoidable accident," as used here, does not mean the act of God or *vis major*, but just such an unforeseen happening, without fault, as caused the injury to plaintiff. (*Hodgson* v. *Dexter* 1 Cranch. C. C. 109; *Vincent* v. *Stinehour*, 7 Vt. 62; 29 Am. Dec. 145; *Treadwell* v. *Whittier*, 80 Cal. 590, 604; 13 Am. St. Rep. 175; *Dygert* v. *Bradley*, 8 Wend. 472; *Harvey* v. *Dunlop*, Hill & Den. 194; *Boyd* v. *Graham*, 5 Mo. App. 406–408.)

SHARPSTEIN, J. — This appeal is from a judgment and order denying plaintiff's motion for a new trial, in an action to recover damages sustained by plaintiff, by reason of the falling of a piece of gas-pipe from the hands of defendant's employee while engaged in screwing it into another pipe. The cause was tried by a jury, which returned a verdict in favor of the defendant.

The court, at the request of the defendant, instructed the jury as follows: —

"If you believe that the injury sustained by the plaintiff was occasioned by an unavoidable accident on the part of the agents of the defendant, without negligence on their part, you should render a verdict for the defendant."

Plaintiff excepted on the ground that there was no

evidence of unavoidable accident.   We think there was.
The witness Robert Brown, on cross-examination, testi-
fied as follows:—

· "I was attending to my business.   I have been in the
plumbing business going on three years.   I have done
this kind of work before.   I was accustomed to it.   I
was screwing this pipe in a T-joint.   This piece of pipe
was about six or eight feet long.   It was not very heavy.
It was a half-inch pipe, and not very heavy.

"Q.  Could you have stopped it from falling?

"A.  No; it accidentally slipped.   I was trying to
screw this pipe into the other pipe, and the pipe was be-
tween the two joists, and I had a piece nailed across the
two joists, and the end of the pipe lay right in the joist,
and I was leaning over the joist trying to screw this
piece of pipe into the T, and it accidentally slipped.   I
was on the edge of the joists, leaning over the joist.
The joists were about thirty inches apart.   The joists
were about two by four inch, and the two-inch edge
turned up.   I was attending to my business.   There were
no other boys up there.   There was nothing to attract my
attention particularly, more than at any other time.   I
was doing the best I could.   I could not stop the pipe.
I certainly would not have let it fall if I could have
stopped it.   I do not think I saw Mr. Steen under me
then.   He was not directly under me.   He was two floors
below, and the pipe went through both stories.   Steen
was working at the folding-doors on the ground-floor,
while I was putting in the center-drop of the second
story, and that is nearer the front of the house than the
center-drop in the room below.   The accident was not
caused by my pushing a pipe.   It was the one I was try-
ing to fix into the T-joint.   It accidentally slipped and
fell.   The pipe that fell was lying parallel with the floor
joists."

This evidence tends to prove that the injury sustained
by the plaintiff was the result of unavoidable accident,
and there is no evidence tending in any degree to prove
that it was the result of negligence or carelessness.

Therefore the exception is based upon an untenable ground. And there is no other ground upon which it could be based.

Judgment and order affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.