[No. 18023.    Department Two. — September 1, 1892.]

IN THE MATTER OF THE ESTATE OF WILLIAM WES-
TERFIELD, DECEASED. MARY B. SMITH ET AL.,
RESPONDENTS, v. JAMES C. WESTERFIELD ET
AL., APPELLANTS. MARGARET WILDE WESTER-
FIELD ET AL., INTERVENERS.

ESTATES OF DECEASED PERSONS — DETERMINATION OF HEIRSHIP — TIME OF
APPEAL FROM JUDGMENT. — An appeal from a judgment determining
the question of heirship in a proceeding for the settlement of the estate
of a deceased person must be taken within sixty days after the entry of
the judgment.

ID. — JURY TRIAL — ERROR WITHOUT PREJUDICE. — Error in the impanel-
ment of a jury, and the submission to it of special issues upon the ques-
tion of heirship, is not prejudicial, if the court itself found upon all the
issues submitted to the jury.

ID. — APPEAL FROM NEW TRIAL ORDER. — Upon an appeal from an order
denying a new trial, errors apparent on the face of the judgment roll
cannot be considered.

ID. — EVIDENCE. — Where it does not appear from the record upon appeal
that a document offered upon the trial and ruled admissible by the court
was read to the jury as evidence, error is not shown by the record, even
if it would not have been permissible to read it to the jury.

APPEAL from a judgment of the Superior Court of
Nevada County.

The facts are stated in the opinion.

*J. M. Walling*, and *James A. Stidger*, for Appellants.

*T. S. Ford*, and *A. D. Mason*, for Respondents.

FOOTE, C. — This contest arises on a cross-petition for
a decree of distribution of the estate of William Wester-
field. The court below seems to have treated the matter
as requiring, incidentally, before final decree of distribu-
tion, under the provisions of section 1664 of the Code of
Civil Procedure, that the question of heirship of the parties
contestant should be determined, and did, by its decree,
make such determination; and that "the plaintiffs, Mary
B. Smith, Emma Danuser, Charles Westerfield, and Fred
Westerfield, are the lawful heirs at law of, and the only
heirs of, William Westerfield, deceased, and as such are

entitled to inherit his estate, share and share alike."
Afterwards a decree of final distribution was made, based
upon the decision in this proceeding. No appeal is prose-
cuted from this last decree. But an appeal has been
taken from the judgment or decree determining the
question of heirship, and from an order denying a new
trial. The appeal from the judgment cannot be con-
sidered, for the reason that the appeal was not taken
until more than sixty days after the entry of the judg-
ment. (Code Civ. Proc., secs. 1664, 1715; *In re Backus's
Estate*, 95 Cal. 671.)

The point is made by the respondent that the notice of
motion for a new trial is not sufficient, and that, there-
fore, the motion must necessarily have been properly de-
nied. The motion was made upon the minutes of the
court, and that which seems to us to be a statement on
motion for a new trial, under section 661 of the Code of
Civil Procedure. Respondent argues that the notice of
motion does not show a sufficient statement of the grounds
of the motion, and shows no sufficient specification of
errors of law occurring at the trial and excepted to, and
no sufficient specification of the particulars wherein the
evidence was insufficient to justify the decision, nor any
specification that the decision is against law. We have
examined the notice with minute attention, and while
it is not in the form which would have rendered it most
commendable, it is sufficient. It becomes necessary, then,
to look into the statement, with a view to determine if
any errors were committed by the trial court in denying
the motion for a new trial. Appellant claims that the
court below committed error in submitting special issues
to the jury upon the question of heirship, under section
1717 of the Code of Civil Procedure; and that as no
written demand was made for a jury, the court erred in
allowing one to be called and try the issues joined. The
code provision referred to provides as follows: " If no
jury is demanded, the court must try the issues joined.
If on written demand a jury is called by either party,
and the issues are not sufficiently made up by the writ-

ten pleadings on file, the court, on due notice to the opposite party, must settle and frame the issues to be tried, and submit the same, together with the evidence of each party, to the jury, on which they must render a verdict. Either may move for a new trial, upon the same grounds and errors, and in like manner, as provided in this code for civil actions." It appears from the statement that the defendants and appellants, some days before, had orally demanded a jury to try the issues raised. Plaintiffs made no objection, and the defendants did not put their demand in writing, but the day before that on which the trial commenced, they withdrew their demand for a jury. The plaintiffs thereupon filed and served a written demand for a jury to try the special issues. At the opening of the court on the first day of the trial, plaintiffs asked for a jury in accordance with their written demand. The impanelment of the jury was objected to by the defendants, as well as the submission of the issues joined, because it was claimed that no special issues had been framed or settled. The court overruled this objection, for the reason that the issues to be tried were made up by the written pleadings filed. We perceive no prejudicial error in these acts of the court, particularly in view of the fact that the record shows that the court itself found upon all the issues submitted to the jury. (*Estate of Moore*, 72 Cal. 339.)

As to the point made, that in the form as made, the judgment was not authorized by law, we do not perceive how that can be considered on the appeal from the order denying the motion for a new trial; for errors apparent on the face of the judgment roll will only be reviewed on an appeal from the judgment, which appeal, as we have seen, is not before us. (*Thompson* v. *Patterson*, 54 Cal. 543.)

It is further assigned for error that on the cross-examination of Mary B. Smith, one of the plaintiffs, she was not allowed to answer the following question: " Q. When did you learn about the date your father came to the United States, and the vessel upon which he and your

mother came?" The objection made was, that it was not cross-examination, and irrelevant and immaterial, and that it was not founded upon a proper predicate that her father came to this country. It does not appear that the witness on the examination in chief had testified as to any of the matters referred to in the question, or anything connected therewith; hence we see no error in the ruling. Other questions were asked this witness in relation to the date on which her father and mother came on a vessel to the United States, and the name of such vessel, which were not allowed to be answered, on objection that they were not cross-examination, or the answers to which were, on motion, stricken out. We perceive no error in these rulings; the matters called for were not of a character proper to be adduced on cross-examination. So, also, the question asked the same witness with reference to whom she heard her mother say was the minister by whom she was married to the father of the witness, and the place where they were married, was improper, for it was not as to anything connected with what the witness had testified to in chief.

We perceive no error in the ruling excluding answers to other questions asked on cross-examination of this witness, or striking such answers out on motion of plaintiff's counsel. As to the evidence contained in the great register of the county, to the offer of which in evidence defendants objected, it does not appear, although offered, and the court ruled that it was admissible, that it was read to the jury as evidence, and that makes it doubtful, at least, that it was so read. (*Page* v. *O'Brien*, 36 Cal. 559.) Therefore, on the record, it is not shown that error was actually committed, even if it would not have been permissible to read it to the jury. We have carefully examined the other alleged matters of error claimed to have been prejudicial to the defendants, but we do not agree with their contention in that behalf, and advise that the appeal from the judgment be dismissed, and the order refusing a new trial be affirmed.

HAYNES, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the appeal from the judgment is dismissed, and the order denying a new trial will stand affirmed.

MCFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.