[No. 15939.   Department One.—December 13, 1894.]

SOUTHERN PACIFIC RAILROAD COMPANY, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, AND HON. JOHN HUNT, JUDGE, RESPONDENTS.

NEW TRIAL—BILL OF EXCEPTIONS—ERROR IN INSTRUCTIONS—AFFIDAVIT. An error in the instructions of the court to the jury constitutes error at law occurring at the trial, and must have been excepted to and embodied in the bill of exceptions provided for in section 650 of the Code of Civil Procedure, and cannot be embodied in an affidavit, or in another bill of exceptions, after the motion for a new trial is denied.

ID.—NOTICE OF INTENTION—RECORD UPON APPEAL.—Upon an appeal from an order granting or denying a new trial the notice of intention to move for a new trial is not a part of record upon appeal, and need not be included in the bill of exceptions unless the opposite party insists that it is insufficient.

ID.—APPEALABLE ORDER DEEMED EXCEPTED TO.—An appeal may be taken from an order denying a new trial and such order is deemed to have been excepted to, and need not be embodied in a bill of exceptions.

ID.—REFERENCE TO PLEADINGS—PRESUMPTION UPON APPEAL.—Reference may be made on the hearing of the motion for a new trial, to the pleadings in a case, for the purpose of ascertaining the issues and determining the correctness of the rulings, and it is to be presumed upon appeal that such reference was made, and the fact that it was made need not be presented by a bill of exceptions.

PETITION in the Supreme Court for a writ of mandate to the Superior Court of the City and County of San Francisco, Hon. John Hunt, judge, to compel the settlement of a bill of exceptions.

The facts are stated in the opinion of the court.

*Maxwell, Dorsey & Soto,* for Petitioner.

*J. C. Bates,* for Respondents.

The COURT.—Motion to compel the respondent to settle a bill of exceptions.

After a verdict had been rendered against the petitioner it gave notice of its intention to move for a new trial, and caused to be settled and filed with the clerk a bill of exceptions which it had prepared, and also filed an affidavit made in its behalf, stating " that after the court had instructed the jury, and the jury had retired to deliberate upon their verdict, the said jury returned into court, when the following occurred: The foreman of the jury, addressing the court, said: ' The jury would like to be instructed, if they find for the plaintiff, they can find without interest or not.'   Mr. Bates, counsel for plaintiff, being present, then stated to the court, in the hearing of the jury: ' The plaintiff will be satisfied without interest.'   The court then addressing the jury said: ' The law entitles the plaintiff to interest at seven per cent per annum upon any amount that you may award him, if you award him any thing since 1879, but he says he is willing to give up interest.   Therefore, if you award him a verdict, you need not award interest upon it.'   Thereupon the jury again retired, and, after deliberation, returned with a verdict in favor of the plaintiff, awarding him one thousand five hundred and eighty dollars and ninety-eight cents, without interest."   After its motion for a new trial was denied it presented to the trial judge for settlement another bill of exceptions containing the foregoing affidavit, with the statement that it, together with the judgment-roll, the bill

of exceptions, and notice of intention to move for a new trial, had been presented and used at the hearing, and that the motion had been denied in the absence of its attorneys. The judge declined to settle the proposed bill of exceptions, and the present application is brought to compel him to do so.

The matters set forth in the affidavit were instructions of the court to the jury, and, if deemed by the defendant to be erroneous, constituted "error at law occurring at the trial," and should have been excepted to and embodied in the bill of exceptions provided for in section 650 of the Code of Civil Procedure. Upon an appeal from an order granting or denying a new trial the notice of intention to move for a new trial is not a part of the record on appeal, and need not be included in a bill of exceptions unless the opposite party insists that it is insufficient. (*Pico* v. *Cohn*, 78 Cal. 386.) As an appeal may be taken from the order denying a new trial, it is deemed to have been excepted to, and need not be embodied in a bill of exceptions. As reference may be made on the hearing of the motion for a new trial to the pleadings in the case (Code Civ. Proc., sec. 660), for the purpose of ascertaining the issues and determining the correctness of the court's rulings (*Bode* v. *Lee*, 102 Cal. 586), it will be presumed that such reference was made; and, as the judgment-roll is a part of the record to be used on appeal from the order denying the new trial (Code Civ. Proc., sec. 661), the fact that such reference was made need not be presented by a bill of exceptions. The judge, therefore, correctly declined to settle the proposed bill.

The motion is denied.