[S. F. No. 970.    Department One.—June 9, 1897.]

JOHN W. BUTLER, RESPONDENT, *v.* A. C. SOULE ET AL., APPELLANTS.

JUDGMENT BY DEFAULT — ORDER REFUSING TO VACATE — APPEAL — DIS-MISSAL—FAILURE TO FILE TRANSCRIPT—BILL OF EXCEPTIONS UPON ORDER.—The time within which the transcript upon appeal from a judgment is required to be filed, is not extended by reason of a pending and unsettled bill of exceptions upon appeal from an order made after judgment, which is not applicable to the appeal from the judgment; and an appeal from a judgment by default will be dismissed for failure to file the transcript within forty days after the appeal was taken, notwithstanding the appeal might be considered upon the same transcript with an order refusing to set the judgment aside, upon which the bill of exceptions is pending and unsettled.

MOTION in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Robert Ash,* for Appellants.

*Joseph Hutchinson,* for Respondent.

THE COURT.—Judgment in this action was entered by default April 6, 1896. January 29, 1897, a motion to set aside the judgment was made on behalf of the defendants, and was denied February 15th. April 5th an appeal was taken from the judgment, and also from the order denying the motion to set it aside. No transcript having been filed in this court, the respondent, on May 22d, gave notice of the present motion to dismiss the appeal from the judgment for failure to file a transcript within forty days after the appeal was taken. In reply thereto the appellant has filed an affidavit, from which it appears that at the time the notice of the motion was served there was pending before the judge for settlement a bill of exceptions upon the order denying the motion to vacate the judgment.

Rule II of this court requires the appellant to file a transcript of the record to be used upon the appeal " within forty days after the appeal is perfected and the bill of exceptions and the statement (if there be any) are settled." The practice is common, and is recognized by this court, when several appeals in the same action can be reviewed upon a single record, whether such appeals are taken separately or by the same notice, to file a single transcript upon which all of the appeals may be considered. This practice does not, however, obviate the necessity of complying with the above rule. The bill of exceptions therein referred to is that which is applicable to the matter appealed from (*Buckley* v. *Althorf,* 86 Cal. 643); and when an appeal from the judgment is taken at the same time with an appeal from an order made after judgment, although both appeals may be considered upon the same transcript, the time for filing the transcript upon the appeal from the judgment is not extended until the settlement of a bill of exceptions taken upon the order appealed from.

The appeal from the judgment is dismissed.

Hearing in Bank denied.