## SPRIGG v. BARBER.

### L. A. No. 311; October 13, 1898.

#### 54 Pac. 899.

**New Trial—Statement on Appeal.**—An Order Denying a new trial cannot be reviewed where the statement contains no specification of errors or the particular reasons relied on for the new trial.

**New Trial.**—On Appeal from an Order Denying a New Trial, the clerk cannot, by certificate, supply what is required to appear in the statement.

**New Trial—Appeal.**—The Notice of Motion for a New Trial Constitutes no part of the statement on appeal, without being referred to in the statement as such.

**New Trial—Appeal.**—Error Assigned to the Introduction in evidence of a judgment-roll of another action can only be considered upon the review of the order denying a new trial.

APPEAL from Superior Court, San Diego County

Action by Patterson Sprigg against C. L. Barber. From a judgment for defendant and an order denying a motion for a new trial plaintiff appeals. Affirmed.

Withington & Carter for appellant; Haines & Ward for respondent.

CHIPMAN, C.—Respondent submits, in limine, "that the record fails to disclose for review, either on the appeal from the judgment or from the order, any question arising out of

any proceedings upon the trial, outside of the judgment-roll, for the reason that the statement specifies no ground of alleged insufficiency of evidence, or of alleged errors of law argued before the court for the new trial.'' Judgment was entered March 20, 1896, and filed March 21, 1896. On March 28th plaintiff served notice of motion for a new trial. The transcript contains what purport to be minutes of the court, to show that on April 10th, the parties being present, plaintiff by his attorneys, and defendant in person, plaintiff moved the court to set aside the decision rendered March 20th, wherein judgment was given, and to grant plaintiff a new trial upon the grounds stated in the notice. The motion was made upon the minutes of the court, the record in the cause, and evidence taken. Motion was denied, and plaintiff excepted, and served notice of appeal April 17th. This part of the record (except notice of appeal) is not authenticated in any manner except by the clerk's certificate at the end of the statement, and follows immediately after the judgment-roll in the transcript. Then follows the statement, which was settled by the judge September 11, 1896. In the statement there is no copy of the notice of motion or its specifications, and no copy of the motion itself, and no reference made to them, and no specifications of error in any form. The statement contains only the evidence introduced at the trial, and the rulings of the court as they there occurred, the notice of appeal, and the clerk's certificate. The question is, Can this court look beyond the judgment-roll and the statement, and consider the motion and the grounds stated therein, and the specifications found with the notice of motion? These questions, we think, are answered in the negative in Leonard v. Shaw, 114 Cal. 69, 45 Pac. 1012. There, as here, there was a failure to embody in the statement any specifications whatever of the errors or particular reasons on which the moving party relied, and it was held that the motion could not be considered. The clerk certified, among other things, in the case now here, that certain original documents were of record and on file in his office "in said entitled case, . . . . to wit, judgment-roll, notice of motion for new trial, order of court denying said motion, statement on appeal, notice of appeal, and service thereof." We do not think the clerk can supply by certificate what the law requires should be made to appear in the statement. The

judge settles the statement, and in this case he certified to its correctness as it appears in the transcript. The clerk has no power to add to or take from that statement as thus settled. In Leonard v. Shaw it was said that, although the notice contained the required particular errors and objections relied upon, "this did not, however, obviate a specification of the errors and objections in the statement to be made in such cases after a hearing of the motion." This must necessarily be so, since the notice forms no part of the record. If appellant had made some reference to the notice and motion in the statement as constituting a part of the statement, and located or identified them at some place in the transcript so that it could be reasonably inferred that they formed a part of the statement as settled by the judge, this would, we think, have been sufficient; but without some such reference, or making them a part of the statement, this court cannot consider them.

Appellant's counsel say in their brief: "The language of the court in repeated cases would lead the practitioner to the conclusion that the place for the specifications was in the notice, and, if found therein, they had served their purpose, and need not be brought up in the record." In support of this statement we are cited to Buckley v. Althorf, 86 Cal. 643, 25 Pac. 134. That case held that, where a motion for a new trial is submitted on the minutes of the court, the notice of the motion must specify the particulars wherein the evidence is claimed to be insufficient, and the errors of law relied upon; and that, failing in this, no subsequent statement is authorized, and, if made and settled, will not be considered on appeal. But it is nowhere intimated in the opinion that, having made the requisite specifications in the notice, they need not be restated in the statement. On the contrary, it was there said: "His motion for a new trial having been submitted on the minutes of the court, he could only bring to this court, on appeal, matters other than those appearing in the judgment-roll, by bill of exceptions, or a 'statement of the case subsequently prepared' "; citing Code Civ. Proc., sec. 661. Subdivision 4 of section 659 prescribes that, if the ground of the motion, when made upon the minutes of the court, be for insufficiency of the evidence or errors of law, the notice must specify the particulars, failing in which the motion will be denied; but this subdivision does not dis-

pense with the statement, or give the slightest intimation that the statement need not contain what subdivision 3 of the same section says the statement must contain, to wit, ''the statement shall specify the particular errors upon which the party will rely.'' In Re Westerfield, 96 Cal. 113, 30 Pac. 1104, cited by appellant, the question was only as to the sufficiency of the notice. Pico v. Cohn, 78 Cal. 384, 20 Pac. 706, is also cited. That case would seem to be against appellant's contention. It was there held that the notice of intention to move for a new trial is not made a part of the record on appeal, and need not be embodied in the statement, or presented on appeal in any form, unless the respondent insists that it is insufficient. The notice was held to be the basis of the motion, ''and that, upon the proper statement being filed, and the necessary motion made and passed upon by the court below, the notice has performed its functions, and is not a necessary part of the record on appeal, or to be presented in any form. When the case comes to us we look to the statement or bill of exceptions, and the specifications in which the court below is not sustained by the evidence, and the specifications of errors of law, as our guide in reviewing the case; and to these alone. If a question is presented by such specifications, and is properly saved in the statement or bill of exceptions, this court will look no further, but must presume that the question was properly presented to the court below, and passed upon in its rulings upon the motion for a new trial.'' Southern Pac. Ry. Co. v. Superior Court, 105 Cal. 84, 38 Pac. 627, is also cited. The opinion affirms Pico v. Cohn on the point as to the notice of intention above noted, and decides that the order denying the motion is deemed excepted to, and need not be embodied in the bill of exceptions. We find in the opinion no intimation that specifications of particular errors may be dispensed with in this statement beyond this. We are unable to verify, from the decisions, the claim that this court has encouraged the belief that the only place for the specification of errors is in the notice. It seems to us that when it was held that the notice formed no part of the record the plain inference would be that the specifications must appear in the statement, for surely they should appear somewhere. Counsel claim that this court must presume, when the trial court has settled a statement showing the exceptions and the evidence

pertinent thereto, that the ground was argued before the trial court. But this is to ask the court to supply by presumption what the code says must be embodied in the statement: Code Civ. Proc., sec. 659.

2. Appellant claims that, even if the motion for a new trial cannot be considered, the whole case is open for consideration upon the appeal from the judgment upon the objection made by plaintiff to the introduction of the judgment-roll as evidence by defendant in a certain case theretofore tried in the superior court of San Diego county. It was objected to by plaintiff as incompetent, irrelevant and immaterial, and was admitted, plaintiff excepting. We are unable to see, and respondent fails to show, that this was more than an error of law occurring at the trial, which, like any other error arising in course of the trial, can only be heard upon a consideration of the motion for a new trial.

It results from the foregoing that the case is here on the judgment-roll alone, and, as no question is raised as to the sufficiency of the findings to justify the decision, the judgment and order should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.