[S. F. No. 2042.   Department Two.—May 4, 1900.]

## LAURA NIPPERT et al., Respondents, v. CHRISTIAN WARNEKE et al., Appellants.

APPEAL—ORDER DENYING NEW TRIAL—DELAY IN SERVICE OF NOTICE OF INTENTION—SETTLEMENT OF STATEMENT.—Upon appeal from an order denying a new trial, where alleged delay in service of the notice of intention to move for a new trial does not appear in the record, and the statement was settled by the judge, an objection to the hearing of the appeal on account of such delay should be overruled.

COTERMINOUS OWNERS OF LAND—INJURY FROM EXCAVATIONS FOR CONSTRUCTION—ORDINARY CARE AND SKILL—CONFLICTING EVIDENCE OUTSIDE OF ISSUES.—In an action by one of two coterminous owners of land against the other for injury to the soil and improvements of the plaintiff from excavations made by the defendant for the purpose of constructing a house on his land, where it is neither alleged nor found that the excavations were not made with ordinary care and skill, and that the defendant did not take reasonable precautions to sustain the land of the defendant, conflicting evidence on those points must be disregarded.

ID.—NOTICE OF EXCAVATION—CONSTRUCTION—GENERAL EXCAVATIONS.—A notice given to the plaintiff of the defendant's intention to excavate his lot adjoining that of the plaintiff to a depth somewhat below the foundation of plaintiff's house, and notifying the plaintiff to take the necessary measures to protect her property, is not to be construed as referring only to excavations immediately adjoining plaintiff's house, but as notice of intention to excavate the lot generally, and the foundation is referred to as indicating the depth of the proposed excavations.

ID.—PARTY-WALL—EASEMENT—REMOVAL CAUSED BY DEFENDANT—SUPPORT OF FINDING.—Where a party-wall was erected by the original owner of the adjoining lots on the boundary line between them and partly on each lot, as the common foundation of two adjoining houses built by him upon the lots, and such owner conveyed one lot to the plaintiff and the other to the defendant, an easement resulted for the support of the party-wall, and where the defendant excavated his lot, and by his agents denied the existence of the party-wall, and announced his intention to continue the excavations to a depth beneath its foundation, with advice to the plaintiff to take care of it, a finding that the defendant caused the foundation wall to be removed is supported, notwithstanding it was in fact removed by plaintiff's agents, and a new foundation was built by plaintiff to support plaintiff's house.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Stafford & Stafford, and Thomas F. Graham, for Appellants.

E. W. McGraw, for Respondents.

SMITH, C.—Plaintiff Laura Nippert and defendant Warneke are owners of adjoining lots in San Francisco; and the action is for damages to the lot of the plaintiff caused by excavations made on defendant's lot. The complaint contains three counts, of which the first and third are similar.

In the first count the material allegation is, "that on or about the month of April, 1897, the defendant Christian Warneke, without any warning or notice to this plaintiff, caused the front portion of the lot so owned by him, as aforesaid, to be excavated to a great depth; that said defendant J. A. Marshall made said excavation; that in consequence of said excavation the soil on the front portion of plaintiff's lot, together with sidewalks, flowers, shrubbery, etc., fell into the lot of defendant Warneke," etc. The third count refers to the back portion of the lot, but is, in other respects, substantially similar.

In the second count the averments are in effect that in September, 1884, one Hinkle—from whom both parties deraign title—was the owner of the two lots in question, and built adjoining houses thereon, "which said houses had a common foundation built partly on the lot aforesaid now owned by the plaintiff Laura Nippert, and partly on the lot aforesaid now owned by the defendant Warneke, and that said foundation wall was built as and was a party-wall," etc.; that in the same year Hinkle conveyed the lots, the one to plaintiff's predecessor in title, the other to the predecessor of defendant Warneke; that by said conveyances, and the mesne conveyances following, defendant Warneke took his lot subject to an easement in favor of the owner of plaintiff's lot, for the support of the party-wall; and that defendant Warneke caused this wall to be removed by the defendant Marshall (the contractor), thus rendering it necessary for the plaintiff to build a new foundation to

support her house, etc.    All the above allegations are found to be true, and substantially in the language of the allegations.

The judgment was for plaintiffs, upon the first cause of action for fifty dollars, upon the second for three hundred dollars, and upon the third for one hundred dollars.    The appeal is from the judgment and from an order denying a new trial.

A preliminary objection is made by respondents' attorney to the hearing of the appeal of Marshall from the order denying a new trial on the ground that his notice of intention to move for new trial was not served in time.    But, as the fact alleged does not appear in the record, and the statement was in fact settled by the judge, the objection should be overruled.    (*Pico v. Cohn,* 78 Cal. 384; *Gage v. Downey,* 79 Cal. 143; *McShane v. Carter,* 80 Cal. 312; *Scott v. Wood,* 81 Cal. 399; *Richardson v. Eureka,* 92 Cal. 65; *Southern Pac. R. R. Co. v. Superior Court,* 105 Cal. 86.)

1. The points involved in the first and third causes of action are substantially the same, and will be considered together. The excavations were made on the lot of the defendant for purposes of construction; and it is neither alleged nor found that they were not proper or usual, or that the defendants did not use ordinary care and skill, or that they omitted to take reasonable precautions to sustain the land of the plaintiff.    (Civ. Code, sec. 832.)    All that is alleged is simply that the excavations were made "without any warning or notice to this plaintiff," and that the damage complained of resulted from the excavation.    The question of notice must, therefore, be regarded as the sole point at issue; and on this point it appears from the evidence that in April, prior to the beginning of the excavations, the plaintiff received the following notice:

"Dear Madam: As we are about to excavate the premises on the southeast corner of Haight and Devisadero streets, directly adjoining your lot, to a depth somewhat below your foundation, you are hereby notified to take the necessary measures to protect your property.

"Very respectfully,

"CUNNINGHAM BROS.,

"Architects,

"For Christian Warneke."

The question, therefore, resolves itself into the question of the sufficiency of this notice; and on this point it is contended by plaintiff's attorney that the notice is to be construed as referring only to excavations immediately adjoining the plaintiff's house. But this construction cannot be maintained; the notice is of intention to excavate the lot generally, and the foundation is referred to simply as indicating the depth of the proposed excavations. The findings on the first and third causes of action are, therefore, not sustained by the evidence.

There is, indeed, much evidence as to the character of the excavation; from which it might be inferred that the defendants did not use ordinary care and diligence in making the excavations, and did not take reasonable precautions to sustain the land of the plaintiff. But the evidence on these points is conflicting, and, as there is no finding or allegation with regard to them, must be disregarded.

2. With regard to the second cause of action, it is claimed by appellant's attorney that the evidence does not sustain the finding that the wall in question was a party-wall; and it is true that the only evidence in the record upon the point is the evidence that the wall was built by Hinkle on the boundary line, while owner of the two lots, as a common foundation of the two houses built on the lots. But this, we think, is sufficient to establish the character of the wall as a party-wall, and the resulting easement. (Washburn on Easements, 4th ed., (454) 606 et seq.; 18 Am. & Eng. Ency. of Law, 7, art. "Party-walls.")

It is also claimed by appellant's attorney that the evidence does not justify the finding that the wall was removed by defendant or his agents, and, indeed, it appears from the evidence that the wall was in fact removed by the agents of the plaintiff; but it also appears that this was done in pursuance of a correspondence between plaintiff and defendant's architects, in which the latter repudiated the claim of the former that the wall was a party-wall, and announced their intention to continue the excavations, with advice to the plaintiff to take care of her house; and this sufficiently supports the finding that the defendant Warneke caused the foundation wall to be removed and taken away.

We advise, therefore, that the judgment and order denying a new trial be reversed, unless the plaintiff, within thirty days from the filing of the *remittitur*, file a written stipulation releasing one hundred and fifty dollars of the amount allowed by the judgment as damages, thus reducing the amount of the judgment to three hundred dollars, and that, if such stipulation be filed, the judgment thus modified shall stand affirmed; and that the costs of this appeal be paid by the respondent.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed unless the plaintiff, within thirty days from the filing of the *remittitur*, file a written stipulation releasing one hundred and fifty dollars of the amount allowed by the judgment as damages, thus reducing the amount of the judgment to three hundred dollars, and that, if such stipulation be filed, the judgment thus modified shall stand affirmed; and that the costs of this appeal be paid by the respondent.

Temple, J., McFarland, J., Henshaw, J.

A petition for a hearing in Bank was denied, and on the order denying the same Beatty, C. J., filed the following dissenting opinion, on the 1st of June, 1900:

BEATTY, C. J.—I dissent from the order denying a rehearing in this case because a question presented by the record and argued by counsel, and which in my opinion is of controlling importance, is left undecided.

The foundation wall which is held to have been a party-wall was entirely concealed from ordinary observation. The original owner of the lot and builder of both houses made the first sale to the grantor of plaintiff, and afterward sold the other house to the grantor of defendant. As between the plaintiff and the original owner I should have no hesitation in holding that she could claim a grant by implication of an easement in the remaining lot of a party-wall. But I should very seriously doubt whether the original owner could, under the circumstances, assert a similar easement against her. The question here, however, is whether she can claim, as against a subsequent grantee of the original owner, an easement in the

adjoining lot which she could have asserted against her grantor. There was nothing to advise the subsequent grantee of the Warneke lot that it was bound by any servitude to the owner of plaintiff's lot. The wall was invisible, and no mention of an easement was contained in the recorded deed. As against a grant by implication of the easement in question by the previous grant of plaintiff's lot, did not the want of notice or means of knowledge of the existence of a common foundation wall have the same effect as the failure to record a grant in case of a subsequent grant of the same premises to a *bona fide* purchaser for value?

Upon this question I find that there is at least a serious conflict of authority, and since it is vital to the case I think it should be decided.