VINSON et al. *v.* LOS ANGELES PACIFIC RAILROAD COMPANY.*

L. A. No. 1360; March 13, 1903.

72 Pac. 840.

**Appeal—Statement.—Code of Civil Procedure, Section 950,** provides: "On an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case on which the appellant relies. Any statement used on motion for a new trial, or settled after decision of such motion, when the motion is made upon the minutes of the court, as provided in section 661, or any bill of exceptions settled, as provided in sections 649 or 650, or used on motion for a new trial, may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing the new trial." Held, not to give a party intending to appeal from a judgment an independent right to have settled a statement of the case for use on such appeal, but to limit him to the use of such statements only as have been regularly and legally settled in the course of some proceeding on motion for a new trial.

**Appeal — Extension of Time for Filing Transcript.—**Supreme court rule 2 provides: "The appellant in a civil action shall, within forty days after the appeal is perfected and the bill of exceptions

---

*For subsequent opinion in bank, see 141 Cal. 151, 74 Pac. 757.

and the statement (if there be any) are settled, serve and file the printed transcript of the record." Code of Civil Procedure, section 661, provides: "The judgment-roll and a statement to be subsequently prepared, with a copy of the order, shall constitute the record on appeal from the order granting or refusing a new trial. Such subsequent statement shall be proposed by the party appealing . . . . within ten days after the entry of the order . . . . but the statement shall only contain the grounds argued before the court for a new trial, and so much of the evidence or other matter as may be necessary to explain them." Held, that the pendency of proceedings to settle a statement on motion for a new trial after the time for appeal from the order denying a new trial had expired, no appeal having been taken from the order, did not operate to extend the time for the filing of the transcript on the appeal from the judgment, nor authorize the filing of such transcript more than forty days after the time of perfecting the appeal.

APPEAL from Superior Court, Los Angeles County.

Action by Jennie Vinson and another against the Los Angeles Pacific Railroad Company. From a judgment for plaintiffs, defendant appeals. Dismissed.

John D. Pope and Bicknell, Gibson & Trask for appellant; Waters & Wylie for respondents.

SHAW, J.—This is a motion by the plaintiffs to dismiss the defendant's appeal from the judgment of the court below. The ground of the motion is that the transcript was not filed within forty days after the appeal was perfected. Rule 2 of this court (64 Pac. vii) provides that "the appellant in a civil action shall, within forty days after the appeal is perfected and the bill of exceptions and the statement (if there be any) are settled, serve and file the printed transcript of the record." The judgment was rendered in the court below on May 15, 1902, and the appeal was perfected on November 17, 1902. It is conceded that, if the time for filing the transcript began to run on November 17th, the appeal must be dismissed for failure to file the same within time. But the appellant claims that the time had been extended by the pendency of proceedings to settle a statement on motion for a new trial, and this presents the sole question in the case. The notice of the motion to dismiss was served and filed on January 10, 1903. It is claimed that a statement on motion for a new trial was settled on

December 16, 1902, and that within forty days after that date, but after the filing of the notice of motion to dismiss, the transcript on appeal was filed. If the statement so settled was settled under authority of law, and can be used on the appeal, the motion must be denied.

The motion for new trial was made on the minutes of the court, and was denied in the court below on July 21, 1902. No appeal was ever taken from the order. The respondent contends that after the lapse of sixty days from the entry of the order, without the taking of an appeal, the right to have a statement settled upon the motion ceased, that the subsequent settlement of the so-called statement was a mere idle and useless ceremony, and that the statement so settled is without force or effect. The appellant relies on section 950 of the Code of Civil Procedure, which is as follows: "On an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case, upon which the appellant relies. Any statement used on motion for a new trial, or settled after decision of such motion, when the motion is made upon the minutes of the court, as provided in section 661, or any bill of exceptions settled, as provided in sections 649 or 650, or used on motion for a new trial, may be used on appeal from a final judgment equally as upon appeal from the order grant-ing or refusing the new trial." The contention of the appellant is that the effect of this section is to give the party who intends to appeal from a judgment an independent right to have settled a statement of the case for use upon such appeal, and that, by virtue of its provisions, he is not limited to the use of such statements only as have been regularly and legally settled in the course of some proceeding upon motion for a new trial. This contention cannot be sustained. The section is found in the chapter relating to appeals, and has no specific provisions relating to the settlement of statements. The phrase, "any statement used on motion for a new trial, or settled after decision of such motion when the motion is made upon the minutes of the court, as provided in section 661," limits the right to use statements on motion for new trial made on the minutes of the court to such as have been properly settled under section 661. The obvious purpose of the section was to pro-

vide that any statement or bill of exceptions regularly settled in any proceeding in which such statement or bill of exceptions might be lawfully settled could be used on an appeal from a judgment, although it was not originally intended for that purpose. And this is the construction which has been given it. Thus in Foley v. Foley, 120 Cal. 33, 65 Am. St. Rep. 147, 52 Pac. 122, it was held that bills of exceptions settled for the purpose of reviewing an order refusing to set aside a default, although originally made for that purpose alone, could nevertheless be used upon an appeal from the judgment. In that case the bill of exceptions had been regularly and lawfully settled. But the section goes no further than this, and cannot be given any greater effect.

We must therefore look to the provisions of section 661 to ascertain whether the statement in question can be used. That section, so far as applicable with respect to motions for new trial upon the minutes of the court, is as follows: "The judgment-roll and a statement to be subsequently prepared, with a copy of the order, shall constitute the record on appeal. Such subsequent statement shall be proposed by the party appealing, or intending to appeal, within ten days after the entry of the order . . . . but the statement shall only contain the grounds argued before the court for a new trial, and so much of the evidence or other matter as may be necessary to explain them." It is quite obvious from this language that the purpose for which such subsequent statement is to be prepared and settled is to present to the appellate court such matter as may be necessary to enable it, upon appeal, to review the order disposing of the motion for a new trial. The appeal referred to is manifestly not an appeal from the judgment, but an appeal from the order upon the motion. There is nothing in the section which calls for a broader meaning than this. Therefore, it would follow that, after the time for an appeal has expired, no appeal having been taken, the right to have such subsequent statement ceases to exist, and any further proceeding toward the settlement of such a statement is wholly unauthorized. Any statement settled under such circumstances would be void as a statement, and would be stricken from the files upon motion. The decisions of this court tend to support this conclusion. In Flagg v. Puterbaugh, 98 Cal. 134, 32

Pac. 863, the court, speaking of the settlement of a bill of exceptions upon an order, after the time for the appeal from the order had expired, none having been taken, says: "It would be a vain thing to settle a bill of exceptions if there is no appeal, and the court would not order it." For that reason alone the court in that case refused to issue a mandamus compelling a judge of the court below to settle the bill. In Estate of Franklin, 133 Cal. 584, 65 Pac. 1081, this court held that, as there was no law providing for motions for a new trial of an order settling an executor's account, there was no authority for the settlement of any statement of the case upon such a motion, and therefore the transcript on appeal must be filed within forty days after the perfecting of the appeal, and that the time was not extended by the pendency of proceedings to settle such a statement. In Buckley v. Althorf, 86 Cal. 643, 25 Pac. 134, it is held that a statement which was not served until six days after the time allowed by law was one "which the court was not called upon to settle, and which could not be used upon the appeal," and that therefore the time for the filing of the transcript was not extended by the continuance of proceedings to settle such a statement. It follows that the pendency of proceedings to settle the statement in controversy after the time for appeal from the order denying a motion for a new trial had expired, no appeal having been taken from the order, did not operate to extend the time for the filing of the transcript, nor authorize the filing of such transcript more than forty days after the time of perfecting the appeal.

It is therefore ordered that the appeal be dismissed.

We concur: Angellotti, J.; Van Dyke, J.