## GONZÁLEZ v. PRÍNCIPE ET AL.

### APPEAL from the District Court of San Juan.

No. 76.—Decided April 26, 1906.

APPEAL—NOTICE OF APPEAL FILED AFTER EXPIRATION OF STATUTORY TERM.—
Laws fixing the term within which an appeal may be taken must be strictly construed, and the court cannot make any exception whatever or accept any excuse for failure to comply with the provisions thereof; and where an appeal is not taken within the term prescribed by statute, the court has no jurisdiction and the appeal is null 'in all respects and must be dismissed on motion of respondent or by the appellate court on its own motion.

ID.—The fact that in a notice of appeal reference is made to another notice of appeal which is said to have been previously filed, is not sufficient to warrant the assumption that such an appeal has been theretofore taken, inasmuch as the notice of the appeal must be included in the transcript of the record.

The facts are stated in the opinion.

*Mr. Emigdio S. Ginorio* for appellant.

*Mr. Texidor* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of San Juan in favor of the intervenor, Francisco González y Sánchez, in a proceeding of intervention instituted by him. The appellant, Príncipe, brought a suit and levied an attachment against Juan de la Cruz Betancourt Asencio. It was in consequence of this latter suit that Francisco González y Sánchez intervened, filing a complaint setting up the sale of the property by Betancourt to the said González. The appellant answered and also filed a cross-bill in which he maintained that the conveyance from Betancourt to González was in fraud of creditors and should be declared null and rescinded. The judgment of the district court was rendered on the 19th of December, 1903.

The case on appeal was submitted to us without argument. The attorney for the appellee in his brief, discussing the other points of the case, alleges that the appeal was not taken in time; but neither of the parties have discussed this point or presented any matter in favor of or against the jurisdiction of this court. We proceed to discuss this essential question.

The only thing that the record contains subsequent in time to the judgment is the writing of the appeal itself, which is as follows:

"Mr. Secretary of the District Court for the Judicial District of San Juan. Sir: Don Juan de la Cruz Betancourt being notified, as he has been, of the default in these proceedings, and the order of January 27, 1903, having been complied with, and my client, Francisco Príncipe, not being satisfied with the judgment rendered by the former District Court of San Juan, I appeal to the Supreme Court, ratifying what is set out in the writing of the 23d of January, 1904. San Juan, P. R., June 21, 1905.—Emigdio S. Ginorio, counsel for the appellant, Francisco Príncipe Hernández.

"Notified this 21st day of June, 1905.—H. Díez, counsel for the plaintiff, Francisco González Sánchez.

"Presented in the office of the secretary this 23d day of June, 1905.—José E. Figueras, secretary; by I. Delgado, assistant secretary."

The transcript does not disclose what was the order of January 27, 1903, nor does the appeal, alleged to have been taken on January 23, 1904, appear.

It is not shown in the record that an appeal was taken on the 23d of January, 1904, from the judgment rendered on the 19th of December, 1903. The reference to that appeal made in the notice of appeal cited does not cure the omission, and we need only to consider whether the appeal taken by that notice was or was not within the legal term.

That writing bears date of 23d of June, 1905, when the new Code of Civil Procedure, which took effect on the 1st of July of the year before, was in force and the said Code in its section 295 only authorizes appeals to this court to be taken within one month from the time the judgment is entered. Statutes fixing the time within which appeals should be taken must be strictly construed. This principle is laid down on page 239 of the Encyclopedia of Pleading and Practice, as follows:

"Statutes limiting the time to appeal from a decision below are mandatory and jurisdictional. They must therefore be strictly complied with; the court cannot engraft any exceptions on the statute nor admit any excuse for failure to comply with its requirements, and unless an appeal is taken within the statutory period, the court has no jurisdiction and the appeal is void for all purposes, and will be dismissed either on motion of appellee or on the appellate court's own motion."

The following cases may be cited: *In re Westerfield's Estate,* 96 Cal., 113; *In re Backus's Estate,* 95 Cal., 671; *United States v. Curry,* 6 How., 106; *Radford v. Folsom,* 125 U. S., 725.

As the appellant failed to bring himself within the terms of the statute requiring the appeal to be taken within thirty days from the entry of the judgment, this court is without

jurisdiction to entertain the case, and the same must be dismissed.

*Dismissed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.