[No. 4,317.]

## CHARLES N. FOX *v.* THE BOARD OF SUPERVI-SORS OF SAN MATEO COUNTY.

Election for Removal of County Seat.—The authority of a Board of Su-pervisors to order an election for the removal of a county seat must be measured by the statute, and, in ordering an election, the Board must pursue the mode pointed out in the statute.

Idem.—A Board of Supervisors cannot order an election for the removal of a county seat, unless the required number of electors who petition for such election have signed the identical petition presented to the Board. If two petitions, identical in language, are circulated and signed, and, to make the required number of names, the signatures on one petition are cut off and pasted on to the other, which is presented, the Board have no authority to order the election.

Application to the Supreme Court for a writ of pro-hibition.

On the 4th day of May, 1874, a petition was presented to the Board of Supervisors of San Mateo county, asking the Board to order an election to decide the question of a re-moval of the County Seat from the place where it was fixed

by law.  The number of names attached to the petition was five hundred and forty-seven, and the number of votes cast in the county at the last preceding election was thirteen hundred and fifty-seven.  Two petitions, identical in language, had been circulated and signed, and on one of them there were one hundred and eleven names.  These one hundred and eleven names were, for convenience, cut off from the petition to which they were attached, and pasted on to the other petition, so that all the names appeared on one petition.  One third of one thousand three hundred and fifty-seven is four hundred and fifth-three, which was the number of signatures requisite to give the Board jurisdiction to act.  Deduct from five hundred and forty-seven, one hundred and eleven, the names pasted on, and it leaves four hundred and thirty-seven only, or sixteen less than four hundred and fifty-three, the requisite number.  The Board made an order calling an election to be held on the 13th day of June, 1874.  This was an application for a writ to prohibit the Board from further proceedings under the order, and from holding the election.

*James T. Doyle,* for the Relator, made the point that the petition should be treated as signed only by the persons who affixed their names to it, excluding the one hundred and eleven names cut from the other petition and pasted on.

*Alexander Campbell,* also for the Relator, made the point that the Act allowing the electors to determine by vote the question of a change of the County Seat, was unconstitutional, and cited *Ex parte Wall,* 48 Cal. 279.

*W. H. L. Barnes,* for the Defendant.

By the Court, WALLACE, C. J.:

It is not claimed by the respondents that the petition presented to them on the 4th of May last, praying that an election for the removal of the County Seat of San Mateo county be ordered, was in point of fact signed by the requisite number of electors of the county of San Mateo.  It is insisted, however, that to the number of electors signing the

petition as presented, there should be added the number of one hundred and eleven—being the names of electors who, (though they did not actually sign the petition presented to the Board), are found by the referee to have actually signed another petition in all respects identical with the petition presented—the signatures of the one hundred and eleven being detached from the body of the petition to which they had been signed and attached by pasting to the other and similar petition afterwards presented to the Board.

The authority of the Board in the premises must be, of course, measured by the statute, for that alone confers it and prescribes the mode in which it is to be exercised. (Pol. Code, Sec. 3976, *et seq.*)

"The petition, signed by qualified electors of the county equal in number to at least one third of all the votes cast in the county at the last preceding general election," is the first step required by the statute, for it is only "after receiving such petition" that it becomes the duty of the Board to order the election. The petition presented to the Board must be that petition which was signed by the petitioners. Both signature and presentation are necessary. In this view the identity of the instrument presented as being that which came from the hands of the petitioners is indispensable. To say that, though the signers did not affix their names to the petition presented, they did affix them to another and similar petition not presented to the Board, is no answer; nor does it satisfy either the terms of the statute or its obvious policy, which was to shut the door against frauds which would inevitably occur if the practice of detaching signatures from one petition and attaching them to another were permitted. It results from these views that the writ must issue as prayed for, and it is so ordered.

CROCKETT, J., concurring:

The petition for calling an election on the question of removing a county seat must be in writing, and must be "signed" by the requisite number of qualified electors. The petition thus "signed" must be presented to the Board

of Supervisors. Until such a petition is thus presented, the Board acquires no jurisdiction to call the election. If numerous petitions with similar headings be circulated for signatures, and if the headings from all the petitions except one be cut off, and all the names, without the knowledge or consent of the signers, be pasted to the one heading, and in that form presented to the Board, it is clear that the paper thus presented, was not "signed" by those whose signatures were affixed to it by pasting. Whether they signed another paper with a similar heading, will rest entirely in parol, and can only be ascertained by oral proofs. If such proof will suffice as to a portion of the petitioners, it will be equally effective as to all. We might then have the case of a petition, never in fact signed by any one; and the omission could be supplied only by oral proof that the petitioners had signed other similar petitions. If a practice of this kind was tolerated, it would open the door to numerous frauds, and would result in substituting oral proof for that which the statute requires to be in writing. For these reasons I think the one hundred and eleven names which were pasted to the petition should be disregarded; and without them there was not the requisite number. I therefore concur in the judgment.

Mr. Justice McKINSTRY did not express an opinion.