[No. 5250.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* M. H. BAILHACHE.

CONSOLIDATION OF COUNTY OFFICES. — If the Board of Supervisors consolidate the offices of Recorder and Auditor of the county, the ordinance making the consolidation must not only be passed and published, but must be published *by order of the Board.*

APPEAL from the District Court, Fifteenth Judicial District, County of Contra Costa.

Action commenced by the Attorney-General, on the relation of V. B. Russell, against the defendant for intruding into and usurping the office of Auditor of the County of Contra Costa. On the 7th day of May, 1873, the Board of Supervisors of Contra Costa County adopted an ordinance consolidating the offices of Recorder and County Auditor, which before that had been separate. The general election in that year was held in September. The ordinance was published as required by law prior to the general election, but no order was made by the Board of Supervisors for its publication.

At the general election held on the 1st day of September, 1875, the relator, Russell, was elected Recorder of said county, and the defendant was elected Auditor. The defendant entered into possession of the office of Auditor, and the relator that of Recorder.

The following are secs. 4106 and 4107 of the Political Code:

" Sec. 4106. By an ordinance *adopted,* recorded, and published at least three months prior to a general election, at which county officers are to be elected, the Boards of Supervisors of counties of the second class may unite and consolidate certain offices by declaring that: 1. The Recorder elected shall be *ex-officio* Auditor. 2. The County Clerk elected shall be *ex-officio* Auditor and Recorder. 3. The Sheriff elected shall be *ex-officio* Tax Collector; and, 4. The Coroner elected shall be *ex-officio* Public Administrator."

" Sec. 4107. When there is an omission by the Board of Supervisors, *to consolidate,* and *to advertise* the consolidation of offices

as in the preceding section authorized, *each office not so consolidated* must be filled by an election."

Contra Costa was a county of the second class. The Court gave judgment for the plaintiff, and the defendant appealed. The other facts are stated in the opinion.

*H. Mills*, for the Appellant.

Sec. 4106 of the Political Code is unconstitutional. The order should have been published by order of the Board. The authority of the Board is measured by the statute alone, and it prescribes the mode in which the power is to be exercised. (*Fox* v. *Board of Supervisors*, 49 Cal. 565; *Cowell* v. *Martin*, 43 Cal. R. 605.)

*Jo Hamilton*, Attorney-General, and *L. B. Mizner*, for the People.

No separate order directing the publication of the " ordinance " was necessary. The fact that it was published presumes that it was done according to law, and by direction of the Board. (*People* v. *Board of Supervisors of S. F.*, 27 Cal. 656.)

By the COURT:

Many objections are taken to the attempted consolidation of the office of County Auditor with that of County Recorder, but it will not be necessary to notice more than one of them—the one in relation to the publication of the ordinance. It is provided by sec. 4106 of the Political Code that the Boards of Supervisors of counties of the second class may consolidate the offices of Recorder and Auditor and certain other offices " by an ordinance adopted, recorded, and published at least three months prior to a general election at which county officers are to be elected "; and the next section (sec. 4107) provides that " when there is an omission by the Board of Supervisors to consolidate, and to advertise the consolidation of offices, as in the preceding section authorized, each office not so consolidated must be filled by an

election." It is manifest, from these sections of the Code, that the offices are to be consolidated by the Boards of Supervisors; that the consolidation does not become effectual by the mere adoption and recording of the ordinance; that the publication of the ordinance is also essential; and that it is as much the duty of the Board to publish the ordinance — that is to say, to cause it to be published—as it is to adopt it. The Board must order the publication, otherwise there is, in the language of sec. 4107, " an omission by the Board of Supervisors * * * to advertise the consolidation of offices." A publication without such order is unauthorized, and of no effect. It does not appear that the Board ordered a publication of the ordinance in question in this case, and therefore the defendant's objection must prevail.

Judgment and order reversed, and cause remanded for a new trial.