BOXLEY et al, Appellants, v. MACKAMAN et al, Respondents.

(191 N. W. 1017.)

(File No. 5235.   Opinion filed January 22, 1923.)

Evidence—School Districts—Division of School Districts—Petitions— Separate Sheets Cannot be Shown by Parol to be Parts of One Petition for Division of School District ,or to Refer to Plat on Another Sheet.

Under Rev. Code 1919, Sec. 7446, as amended by Laws 1921, c. 207, relative to petitions for division of school districts, it cannot be shown by parol evidence that a sheet of paper without heading of any kind or statutory affidavit is part of petition on separate sheet signed by minority of electors and bearing the required affidavit, or that a plat on a third sheet is that referred to in the petition.

Appeal from Circuit Court, Tripp County; Hon. N. D. Burch, Judge.

Proceedings on appeal by Durfy B. Boxley and others, as members of the Board of Education of Eden School District No. 9, Lone Tree Township, Tripp County, S. D., to the circuit court, from a resolution adopted by J. G. Mackaman and others as County Commissioners of Tripp County, S. D., and another, dividing a school district. From the judgment affirming the resolution, and an order denying a new trial, appellants take a further appeal. Reversed.

*P. A. Hosford,* of Winner, for Appellants.

Appellant cited: Words and Phrases; Harris v. King, 109 N. W. 644; Lucas v. Ringsrud, 53 N. W. 426; Gill v. Wake County, 43 L. R. A. (N. S.) 293; Marsden v. Herlocker, 85 Pac. 328; People ex rel Wells v. Town of Berkeley, 36 Pac. 591.

GATES, J. Section 7446, Rev. Code 1919, as amended by chapter 207, Laws 1921, provides:

"Any common school district may be divided in the following manner: Plats shall be prepared showing the several districts into which it is proposed to divide such district. A petition shall then be circulated and signed by a majority of the electors of each proposed district, to which petition shall be *attached* the plat of the new districts to which such petition refers, in which petition it shall be stated that a division of the school district is desired in accordance with the attached plat. Each person signing such petition must add to his signature his place of residence by a legal description, his postoffice address and the date of signing. Such petition, having been circulated and signed, shall have attached thereto the affidavit of the person circulating the same, stating that the petition was signed in his presence by the persons whose names appear thereon at the times stated in such petition, and the petition so circulated and signed shall be filed in the office of the county superintendent of schools. If the petition filed as aforesaid contains the names of a majority of the electors of each of the proposed districts to which such petition refers, the county superintendent of schools, with the board of county commissioners, at the next regular April meeting of such board, shall proceed to divide such district in accordance with such petition and plat, if in their judgment such division ought to be made. * * * "

This appeal relates entirely to the italicized word "attached." Eden school district contained 67 qualified electors. A petition for divisions, denominated "Exhibit B," was circulated, on which were the names of 15 qualified electors. On the reverse side thereof was an affidavit by the circulator:

"That each of the persons whose names are affixed to the above and foregoing paper signed the same personally," etc.

Another paper, denominated "Exhibit C," without a heading of any kind contained the signatures, places of residence, postoffice addresses, and date of signing of 47 qualified electors of said district. Another paper, denominated "Exhibit D," con-

tained a plat of the district with the proposed division indicated. These three separate papers were presented to the county superintendent of schools, and thereupon she, with the county board, adopted a resolution dividing the district in accordance with the petition, they assuming that all three separate papers constituted the petition. The present appellants appealed therefrom to the circuit court, where the said resolution was affirmed, and from the judgment and order denying new trial they now appeal to this court.

In the circuit court parol evidence was permitted to be received to identify the three sheets of paper as all relating to the same petition under proper objections as to their competency. Manifestly Exhibit B was insufficient as a petition, because it did not contain the requisite number of signers, and because the plat Exhibit D was not attached to it. Furthermore, to permit the affidavit, which by its terms referred only to Exhibit B, to also refer to Exhibit C, would do violence to the requirements of the statute as to the contents of the affidavit.

If parol evidence is permissible to show that Exhibit C is a part of Exhibit B, and to show that Exhibit D is the plat referred to in Exhibit B, then in reality the petition, which is required to be in writing, rests upon parol evidence. So far as written proof is concerned, the signatures on Exhibit C might have been obtained for an entirely different project, and the plat that was in fact shown to the signers might have been for an entirely different division. While we do not wish to be understood as questioning the good faith of the circulator, or of any of the persons who had to do with this proceeding, we point out these supposed cases to indicate the unwisdom of permitting oral evidence to cover the deficiencies in the written proof. As was said by Crockett, J., in Fox v. Board of Supervisors, 49 Cal. 563, in a case where several identical petitions were circulated, and the signatures were detached from the several and affixed to one:

"Whether they signed another paper, with a similar heading, will rest entirely in parol, and can only be ascertained by oral proofs. If such proof will suffice as to a portion of the petitioners it will be equally effective as to all. We might then have the case of a petition never in fact signed by any one, and the omission could be supplied only by oral proof that the petitioners had

signed other similar petitions. If a practice of this kind was tolerated, it would open the door to numerous frauds, and would result in substituting oral proof for that which the statute requires to be in writing."

The opinion in that case was many years later adhered to in People ex rel Wells v. Town of Berkeley, 102 Cal. 298, 36 Pac. 591, 23 L. R. A. 838. We think the reasoning therein is sound, and that the rule laid down is wholesome.

The judgment and order appealed from are therefore reversed.

Note—Reported in 191 N. W. 1017. See American Key-Numbered Digest, Evidence, Key-No. 416, 22 C. J. Sec. 1552.