[Civ. No. 6651.    Fourth Dist.    Feb. 15, 1962.]

L. J. CUNNINGHAM, Plaintiff and Respondent, v. CITY COUNCIL OF THE CITY OF STANTON et al., Defendants and Appellants.

Rimel & Johnston for Defendants and Appellants.

Hewett & Rickles for Plaintiff and Respondent.

COUGHLIN, J.—The determinative issue on this appeal concerns the validity of a petition to recall two councilmen of the City of Stanton; arises out of a refusal of the city council to call an election in response to such petition; and is presented through an application for a writ of mandate to compel that body to proceed. Upon application of one of the proponents of the recall, the trial court granted the writ, and the city council appeals from the order so made.

The statutes applicable to the instant proceedings are those contained in the Elections Code prior to its amendment in 1961. For this reason citations from that code herein will designate the prior section number followed, in brackets, by the present section number.

An essential step in the recall of an elected city official is the filing of a petition, in form and substance as prescribed by the statute, which demands his recall and is signed by a designated percentage of the voters. (Elec. Code, § 11101 [27501].) In the instant case, following an authorized practice (Elec. Code, § 11108 [27508]), the proponents of the recall caused several sections of the petition in question to be circulated among the voters for the purpose of obtaining the required number of signatures. Each section contained a copy of the proponents' notice of intention to recall, a statement of the reasons for the recall, and the incumbent's answer to this statement. The Elections Code provides for such a notice, statement and answer (Elec. Code, §§ 11104, 11106 [27504, 27505]); requires that the petition "bear a copy" of each thereof (Elec. Code, § 11107 [27507]); and provides for its circulation and signing in a prescribed manner. The different sections of the petition in question were circulated by different persons. Each section consisted of two or more sheets; the first of these, referred to herein as the face sheet, contained a heading which indicated that the document was a petition for the recall of a particular councilman, naming him, and also contained copies of the notice, statement and answer; the other sheets were for signatures; and, with one exception, the various sheets were not stapled together, but were held in place on a board by a clip. When the first sheet became torn or soiled it was removed and replaced by an identical copy. From time to time the signature sheets, with the signatures thereon, were removed and deposited with one of the proponents for assembly into the petition eventually filed with the city clerk. The petition as filed, with respect

to each officer, consisted of a single face sheet together with all of the signature sheets gathered from all of the circulators. The evidence established that the face sheets used by each circulator, including the copies of the notice, statement and answer which were a part thereof, were identical; that such copies were present on the clip board when each of the signatures on the signature sheets were obtained; and that such copies also were identical with those which were a part of the petition filed.

The trial court concluded that the proponents had complied substantially with the law. The city council contends to the contrary. We have concluded that the latter contention is correct.

■■ The notice, statement and answer are intended for the information of the voters. (Elec. Code, § 11106 [27505]; see *Ratto* v. *Board of Trustees*, 75 Cal.App. 724, 727 [243 P. 466]; *Conn* v. *City Council*, 17 Cal.App. 705, 712 [121 P. 714, 719].) It follows therefore that, when the petition is circulated in sections, the requirement that the petition shall "bear" a copy of the notice, statement and answer applies to each section. If this were not so the obvious purpose of the statute would be defeated. The action of the proponents in the instant case accepts the existence of this requirement, as the signature sheets on the clip board used by each circulator were covered by a face sheet containing a copy of the notice, statement and answer. ■■ However, when the signed signature sheets were removed from the clip board they lost their identity as a section of the recall petition. Under such circumstances, oral testimony must be relied upon to establish the status of each clip board section; the component parts of that section at the time the signatures were attached; the presence of the face sheet as a part of the section at the time the voter placed his signature thereon; the condition of the face sheet at that time; and the fact that a signature sheet eventually attached to the filed petition was a part of any such section. Such a situation is contrary to the apparent intent of the statute which attempts to relegate city council action in the premises to the performance of a ministerial duty. The duty of the city council to call an election when presented with a recall petition, duly certified by the city clerk as bearing the signatures of the requisite number of voters, is mandatory, providing the petition is sufficient in form and substance, otherwise it may refuse to proceed. (*Sidler* v. *City Council of Bakersfield*, 43 Cal.App. 349, 350 [185 P. 194];

*Conn* v. *City Council, supra,* 17 Cal.App. 705, 713.) If various sections of a recall petition may be circulated, taken apart, and reassembled as one document prior to filing, the integrity of every petition is subject to question; the presentation of such a document on its face carries no assurance of compliance with the code requirements; and not only would oral testimony be required to establish the authenticity thereof, but the opportunity for fraudulent action in the premises would be increased immeasurably. Our conclusion in this matter is dictated by the decisions in *Fox* v. *Board of Supervisors,* 49 Cal. 563; *People* v. *Town of Berkeley,* 102 Cal. 298 [36 P. 591, 23 L.R.A. 838], and *Wallace* v. *Board of Trustees,* 116 Cal.App. 82 [2 P.2d 426]. In the first of these cases, i.e., *Fox* v. *Board of Supervisors, supra,* 49 Cal. 563, 565, two identical petitions were circulated; the signatures from one of them were cut off and pasted to the other so that all of the signatures appeared on one petition, and the court held that such a procedure did not "satisfy either the terms of the statute or its obvious policy, which was to shut the door against frauds which would inevitably occur if the practice of detaching signatures from one petition and attaching them to another were permitted." This decision was approved in *People* v. *Town of Berkeley, supra,* 102 Cal. 298, 305, and relied upon in *Wallace* v. *Board of Trustees, supra,* 116 Cal. App. 82.

The appellant claims other irregularities in the instant recall proceedings, but in view of our conclusion on the foregoing issue, it is not necessary that we consider the same.

The judgment is reversed with instructions to the trial court to deny the application for the writ.

Griffin, P. J., and Shepard, J., concurred.