ELIZABETH BELTON, Administratrix of Estate of Samuel J. Belton, deceased, and JAMES YATES, Surviving Partner of Samuel J. Belton,

*v.*

CALEB B. FISHER.

1. JUDGMENTS — *conclusiveness of.* A judgment of a sister State which, by the laws thereof, is conclusive on the parties, is equally so, when sued on in this State.

2. VARIANCE — *idem sonans*. Courts at the present day are not confined to the rigid rules of *idem sonans*, but inquire whether the variance is material. *Stevens* v. *Stebbins*, 3 Scam. 25.

3. PARTIES — *surviving partners*. The administrator of a deceased partner should not join with the surviving partner in a suit to recover a debt due to the firm. At the common law, the surviving partner, alone, could sue.

4. PRACTICE — *time to object to misjoinder of parties*. But, should the administrator improperly join in such a suit, the misjoinder should be objected to in the court in which the suit was brought, — it is too late to take the objection in a suit brought upon the judgment rendered in the action in which the misjoinder occurred.

APPEAL from the Court of Common Pleas of the city of Aurora, Kane county.

Mr. J. W. LITTLE, for the appellant.

Mr. C. J. METZNER, for the appellee.

The case is sufficiently stated in the opinion of the court.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Elizabeth Belton, administratrix of Samuel J. Belton, and James Yates, surviving partner of Belton, sued Caleb B. Fisher before a police justice of the peace in Wisconsin, and recovered a judgment. The suit was brought in the court below on a transcript of that judgment. The laws of Wisconsin relating to the jurisdiction of justices of the peace and police justices are set out in the declaration. Defendant below filed a plea of *nul tiel* record; also a plea denying that Elizabeth Belton was administratrix, upon which pleas issues were formed. On the trial below, the plaintiffs offered in evidence a transcript of the record of the police justice and the letters of administration, which were rejected by the court, and a judgment was rendered in favor of the defendant, to reverse which plaintiffs bring the case by appeal to this court, and assign for error the rejection of this evidence.

We are at a loss to see that the letters of administration were admissible for any purpose. At the common law the sur-

viving partner alone has the right to sue for and recover debts due and owing the firm, and unless a different rule prevails in the courts of Wisconsin, the administratrix improperly joined in bringing the suit. But that was an objection which should have been taken in the court in which the original suit was brought. Failing to take advantage of it before the police justice, the judgment rendered on that trial became binding and conclusive on that question until reversed or overruled. So with the question as to whether Elizabeth Belton was administratrix. That was an issue tried and determined by the police justice, and that determination is as binding as the finding that the defendant was indebted to the plaintiffs. As long as that judgment remained in force, the mere production of the record or a transcript proved the fact, as between the parties to the judgment, that she was administratrix of Samuel J. Belton. This being the case, the plea that she was not administratrix interposed in the court below presented an immaterial issue, and it did not matter whether the letters were admitted or rejected. The averment in the declaration would have been fully proved by the transcript of the record had it been admitted.

The transcript from the docket of the police justice was rejected because of a variance from the declaration in the name of Elizabeth Belton. She sued in this case as Elizabeth Belton, and she is named in the transcript as Elizabeth " Beton," without any averment in the declaration that the judgment was in favor of plaintiffs below, but recovered in the name, as to her, of " Beton." These names are different in orthography, but only slightly so in sound. In the case of *Stevens* v. *Stebbins,* 3 Scam. 25, the court held that there was no variance between the names Steven and Stevens. And the court quote approvingly two cases from the Supreme Court of Indiana, in one of which the court held there was not variance between the names Beckwith and Beckworth, and in the other that there was no material variance between the names of Susan and Susanna. In that case this court say that it appears that courts at the present day are not confined to the rigid rules of *idem sonans,* but inquire whether the variance is material. Tested by this

rule we are not prepared to hold that the variance is material in this case. If this was not so, still we see that Elizabeth Belton sued in the police justice's court as administratrix, and she sues with the same addition in this case. From this fact we may safely infer that the letter was omitted by mistake in copying the judgment into the transcript. The addition to the name would seem to imply that such was the fact.

It is also insisted, that the transcript of the police justice was not properly authenticated by the certificate and seal of the clerk of the Circuit Court of Rock county. This, of course, depends upon the statutes of Wisconsin, which were offered in evidence on the trial. It appears from those statutes, and it is not contested, that the police justice of the peace had jurisdiction of the persons and of the subject-matter of the suit. The third section of the charter of the city of Janesville declares, that a police justice shall be elected, and hold his office for two years. It also declares, chapter three section thirteen, that the police justice shall have and possess all the authority, powers, rights and jurisdiction of a justice of the peace in civil proceedings. The fourth section of the one hundred and twentieth chapter of the Revised Statutes of Wisconsin declares, that every justice of the peace elected in any town in that State, is authorized to hold court for the trial of actions of which justices of the peace have jurisdiction by law, and in the absence of special provisions, such court is vested with all the necessary powers of courts of record in that State, and all general laws applicable to justices of the peace shall apply to such courts.

From these provisions, we have no doubt, that this police justice was in every sense, except the name, a justice of the peace. He was vested with the same powers, rights, and jurisdiction in civil cases as other justices of the peace. In the discharge of his official duties in civil cases, he was in all respects governed and bound by the laws applicable to justices of the peace. This constituted him a justice of the peace under the laws of Wisconsin. Courts look to the substance rather than forms; to things rather than to names. And we

must hold, that this officer, under the laws of Wisconsin, was a justice of the peace.

The question then arises, whether this transcript was properly authenticated. The police justice being virtually a justice of the peace, it would follow, that his transcripts should be authenticated in the same manner as that required for transcripts of other justices of the peace. We see by the ninety-sixth section of chapter one hundred and thirty-seven, of the Revised Statutes of Wisconsin, that it is provided, that to entitle a transcript from the docket of a justice of the peace to be read in evidence in a different county than that in which the judgment was rendered or the proceedings originated, there shall be attached thereto or indorsed thereon, a certificate of the clerk of the Circuit Court of the same county in which the justice resides, under the seal of the court, specifying, that the person subscribing the transcript was, at the date of the judgment therein mentioned, a justice of the peace of such county. The certificate of the circuit clerk of Rock county attached to this transcript is in compliance with the requirements of this statute. We are therefore of the opinion, that the court below erred in excluding this transcript from being read in evidence.

It is a matter of sincere regret, that it happens, though of rare occurrence, that attorneys so far forget their professional duty as to indulge in unkind remarks or allusions to the judge who tried the cause in the court below. Professional education, the common civilties and courtesies of life, to say nothing of the official position, all render it highly improper and censurable. In this case the counsel for appellant has indulged in remarks and allusions in his brief, that we, with extreme reluctance, feel compelled to notice. It is hoped, that in future, briefs will be decorous to the court below, trying the cause, and to opposite counsel.

The judgment of the court below must be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*