[L. A. No. 311. In Bank.—December 7, 1898.]

PATTERSON SPRIGG, Appellant, v. CLARENCE L. BAR-
BER, Respondent.

APPEAL—ORDER DENYING NEW TRIAL—STATEMENT—SPECIFICATIONS.—An
order denying a motion for a new trial made upon the minutes
of the court cannot be reviewed upon appeal, if in the settled
statement there is no copy of the notice of the motion or of its
specifications, and no reference to them, and no specifications in
any form appear therein.

ID.—SPECIFICATIONS UPON MOTION—NOTICE—CERTIFICATE OF CLERK—PRE-
SUMPTION.—The appellate court cannot look beyond the judgment-roll
and the settled statement, and consider the motion and the
ground stated therein, and the specifications found with the
notice of motion, though printed in the transcript and certified
by the clerk. The clerk cannot supply by certificate specifica-
tions which the law requires should be embodied in the state-
ment; nor can this court supply them by presumption from
the argument of the motion in the trial court.

ACTION UPON PARTNERSHIP SETTLEMENT—PART PAYMENT—EVIDENCE—
FORMER JUDGMENT.—In an action upon a settlement alleged to have
been made upon a dissolution of a partnership, under a plea
that the sum of five hundred dollars was paid to plaintiff by
defendant on a former judgment recovered for that sum against
the defendant and a former client of the firm, the judgment-
roll in that action is admissible for the defendant to prove the
payment of that sum in part payment of plaintiff's claim; and
its admission opens up no controversy beyond the fact of such
payment.

ID.—PLEADING—ADMISSION OF ANSWER—PLEA OF PAYMENT—FINDINGS.—
Under a complaint alleging an agreement of the defendant to
pay seven thousand five hundred dollars to the plaintiff upon
dissolution of the firm, and the receipt of that sum by the de-
fendant for the plaintiff, an answer denying an agreement to
pay or the reception of any sum greater than one thousand
dollars, admits the sum of one thousand dollars; but if
it further specially pleads the recovery of five hundred
dollars by plaintiff, and payment of that sum by defendant to
plaintiff, and also pleads that all of defendant's agreements
were performed, paid, satisfied, and discharged, it makes the
question of payment an issuable fact, upon which the court
might properly find part payment of the sum of one thousand
dollars, and limit plaintiff's recovery to the sum of five hun-
dred dollars.

ID.—OBJECTION UPON APPEAL—FINDING—TRIAL OF ISSUE.—An objection
will not be heard upon appeal for the first time that a finding
is not within the issues, where the parties proceeded to trial

upon the answer, without objection to its sufficiency to raise an issue passed upon by the finding, and evidence was received thereupon upon the trial.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion.

Withington & Carter, for Appellant.

Haines & Ward, for Respondent.

CHIPMAN, C.—1. Respondent submits, *in limine,* "that the record fails to disclose for review, either on the appeal from the judgment or from the order, any question arising out of any proceedings upon the trial, outside of the judgment-roll; for the reason that the statement specifies no ground of alleged insufficiency of evidence, or of alleged errors of law argued before the court for the new trial."

Judgment was entered March 20, 1896, and filed March 21, 1896. On March 28th plaintiff served notice of motion for a new trial. The transcript contains what purport to be minutes of the court, to show that on April 10th, the parties being present, plaintiff by his attorneys and defendant in person, plaintiff moved the court to set aside the decision rendered March 20th, wherein judgment was given, and to grant plaintiff a new trial upon the grounds stated in the notice. The motion was made upon the minutes of the court, the record in the case, and evidence taken. Motion was denied, and plaintiff excepted and served notice of appeal April 17th. This part of the record (except notice of appeal) is not authenticated in any manner except by the clerk's certificate at the end of the statement, and follows immediately after the judgment-roll in the transcript. Then follows the statement, which was settled by the judge September 11, 1896. In the statement there is no copy of the notice of motion or its specifications, and no copy of the motion itself, and no reference made to them, and no specifications of error in any form. The statement contains only the evidence introduced at the trial and the rulings of the court as they there occurred, the notice of appeal and the clerk's certificate. The

question is, Can this court look beyond the judgment-roll and the statement, and consider the motion and the grounds stated therein and the specifications found with the notice of motion? These questions, we think, are answered in the negative in *Leonard v. Shaw*, 114 Cal. 69. There, as here, there was a failure to embody in the statement any specifications whatever of the errors or particular reasons on which the moving party relied, and it was held that the motion could not be considered. The clerk certified, among other things, in the case now here, that certain original documents were of record and on file in his office "in said entitled case, . . . . to wit, judgment-roll, notice of motion for new trial, order of court denying said motion, statement on appeal, notice of appeal and service thereof." We do not think the clerk can supply by certificate what the law requires should be made to appear in the statement. The judge settles the statement, and in this case he certified to its correctness as it appears in the transcript. The clerk has no power to add to or take from that statement as thus settled.

In *Leonard v. Shaw, supra.* it was said that, although the notice contained the required particular errors and objections relied upon, "this did not, however, obviate a specification of the errors and objections in the statement to be made in such cases after a hearing of the motion." This must necessarily be so since the notice forms no part of the record.

Appellant's counsel say in their brief: "The language of the court in repeated cases would lead the practitioner to the conclusion that the place for the specifications was in the notice, and, if found therein, they had served their purpose and need not be brought up in the record." In support of this statement we are cited in *Buckley v. Althorf*, 86 Cal. 643. That case held that, where a motion for a new trial is submitted on the minutes of the court, the notice of the motion must specify the particulars wherein the evidence is claimed to be insufficient, and the errors of law relied upon, and that failing in this no subsequent statement is authorized, and, if made and settled, will not be considered on appeal. But it is nowhere intimated in the opinion that having made the requisite specifications in the notice, they need not be restated in the statement. On the contrary, it was there said: "His motion for a new trial having been

submitted on the minutes of the court, he could only bring to this court, on appeal, matters other than those appearing in the judgment-roll by bill of exceptions, or a 'statement of the case subsequently prepared.'" (Citing Code Civ. Proc., sec. 661.) Subdivision 4 of section 959 prescribes that if the ground of the motion when made upon the minutes of the court be for insufficiency of the evidence, or errors of law, the notice must specify the particulars, failing in which the motion will be denied; but this subdivision does not dispense with the statement or give the slightest intimation that the statement need not contain what subdivision 3 of the same section says the statement must contain, to wit: "The statement shall specify the particular errors upon which the party will rely."

In *In re Westerfield*, 96 Cal. 113, cited by appellant, the question was only as to the sufficiency of the notice. *Pico v. Cohn*, 78 Cal. 384, is also cited. That case would seem to be against appellant's contention. It was there held that the notice of intention to move for a new trial is not made a part of the record on appeal, and need not be embodied in the statement or presented on appeal in any form unless the respondent insists that it is insufficient. The notice was held to be the basis of the motion, "and that, upon the proper statement being filed, and the necessary motion made and passed upon by the court below, the notice has performed its functions and is not a necessary part of the record on appeal, or to be presented in any form. When the case comes to us we look to the statement or bill of exceptions, and the specifications in which the court below is not sustained by the evidence, and the specifications of errors of law, as our guide in reviewing the case, and to these alone. If a question is presented by such specifications, and is properly saved in the statement or bill of exceptions, this court will look no further, but must presume that the question was properly presented to the court below, and passed upon in its rulings upon the motion for a new trial." *Southern Pacific R. R. Co. v. Superior Court*, 105 Cal. 84, is also cited. The opinion affirms *Pico v. Cohn, supra*, on the point as to the notice of intention above noted, and decides that the order denying the motion is deemed excepted to and need not be embodied in the bill of exceptions. We find in the opinion no intimation that specifications of par-

ticular errors may be dispensed with in the statement beyond this. We are unable to verify from the decisions the claim that this court has encouraged the belief that the only place for the specification of errors is in the notice. It seems to us that when it was held that the notice formed no part of the record the plain inference would be that the specifications must appear in the statement, for surely they should appear somewhere. Counsel claim that this court must presume, when the trial court has settled a statement showing the exceptions and the evidence pertinent thereto, that the ground was argued before the trial court. But this is to ask the court to supply by presumption what the code says must be embodied in the statement. (Code Civ. Proc., sec. 659.)

2. Error is claimed in admitting on behalf of defendant the judgment-roll in the case of *Patterson Sprigg* (plaintiff here) *v. C. L. Barber* (one of the defendants here) and *F. E. Bates,* numbered 9458, of the cases brought in the superior court of San Diego county. The ground of objection was irrelevancy to any issue pleaded, and that it was incompetent and immaterial.

The present action arises out of partnership relations between plaintiff and defendant in the practice of law. Terms of dissolution were agreed upon, and a division of the partnership assets was made by agreement in writing, by which it is alleged in the complaint defendant agreed to pay plaintiff seven thousand five hundred dollars from the fees to be received by defendant from certain professional business of the firm, which devolved upon defendant to prosecute, and which it is alleged has been concluded and the fees received by defendant.

The answer denied that defendant had agreed to pay plaintiff the sum of seven thousand five hundred dollars, "or any other sum greater than one thousand dollars"; denies that defendant has received "the sum of seven thousand five hundred dollars, or any other sum greater than one thousand dollars; or that said sum has never been paid by defendant to plaintiff, or that the same is due or payable; or that defendant refuses to pay the same. The foregoing admissions as to one thousand dollars apply to one and the same sum of one thousand dollars, and not to more than one sum." Several special defenses are set up in the answer. In one of these it is alleged that in the division

of the litigation in the hands of the copartnership, at its dissolution, was a certain case entitled *Frank E. Bates* (one of the defendants in the action No. 9458, *supra*) v. *E. S. Babcock and the Coronado Beach Company* (spoken of in the evidence and pleadings as *Bates v. Babcock*). By the agreement of dissolution plaintiff Sprigg was to be substituted in place of Sprigg and Barber as attorney in *Bates v. Babcock*. Bates had no previous knowledge of this disposition of his case, and when informed of it objected, and, before any services had been rendered by Sprigg, obtained the consent of Sprigg that Barber should be substituted, and in consideration agreed to pay Sprigg five hundred dollars in full satisfaction of his interest in any fees accrued or to accrue to Sprigg; and Barber was retained by Bates to act as sole attorney in place of Sprigg and Barber. Later Bates assigned to Barber, for certain considerations, all his interest in the pending action of *Bates v. Babcock;* that all sums due from Bates to Sprigg and Barber were liquidated and settled, by which settlement the share due Sprigg was adjusted at the sum of one thousand dollars, and Barber agreed to pay him this sum. Of this agreement Sprigg was informed and consented thereto and ratified the same. It is also alleged in the answer that the action No. 9458 was brought by Sprigg December 27, 1895, and after his consent to said agreements. In this action Sprigg set up the agreement of Bates to pay plaintiff five hundred dollars, which indebtedness, it was alleged, was assumed by Barber. The liability grew out of Bates' promise to Sprigg, already referred to. Plaintiff recovered judgment for five hundred dollars in that action, which was paid by Barber. These matters were set forth in the present case by the pleadings and became issuable facts therein, and we think the judgment-roll was, therefore, properly admitted, as it showed part payment of plaintiff's claim. As we understand plaintiff's reply brief, it is claimed further that the admission of this judgment-roll opened up the whole controversy, on this appeal from the judgment, even if the motion for a new trial cannot be considered. We do not so understand the effect of offering the judgment-roll in No. 9458 in evidence. It has no apparent connection with this case except as it shows a payment of five hundred dollars to plaintiff on account of fees in *Bates v. Babcock*, and, therefore, opened up no controversy beyond this.

3. Plaintiff claims that defendant admitted a liability of one thousand dollars; that the findings are against this admission, and that, therefore, the judgment should be modified so as to give plaintiff judgment for one thousand dollars instead of five hundred dollars, and his costs of appeal. *Ortega v. Cordero*, 88 Cal. 221, and numerous other cases are cited to the point that a finding at variance with an admission must be disregarded, and that findings should be confined to the facts in issue. There can be no doubt that plaintiff correctly states the rule. The court found as follows: "That said sum of one thousand dollars, so promised to be paid by defendant as aforesaid, included the sum of five hundred dollars specified in the agreement referred to in said amended answer." In addition to the matters set forth in the answer as shown above, it was alleged "that all of defendant's alleged agreements have been duly performed, paid, satisfied, and discharged." It was also alleged that by reason of the facts set forth in the answer "all of plaintiff's demands sued for were fully paid, satisfied, and discharged." The answer, taken as a whole, we think made the question of payment an issuable fact, and that the court properly found upon it. Besides, the parties seem to have proceeded to trial upon the answer, without objection to its sufficiency to raise the issue, and evidence was received as to the facts set up in the answer, and the issue was passed upon. In such case objection will not be heard in this court for the first time that the finding is not within the issues. (*Illinois etc. Bank v. Pacific Ry. Co.*, 115 Cal. 285.)

The judgment and order should be affirmed.

Haynes, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Beatty, C. J.,    Temple, J.,    McFarland, J.,
Harrison, J.,    Garoutte, J.,    Van Fleet, J.