[Civ. No. 3119.  Second Appellate District, Division One.—September 23, 1919.]

## ADOLPH H. SIDLER, Petitioner, v. THE CITY COUNCIL OF THE CITY OF BAKERSFIELD et al., Respondents.

[1] MUNICIPAL CORPORATIONS—BAKERSFIELD—RECALL OF OFFICERS— DUTY OF COUNCIL TO CALL ELECTION—WHEN MANDATORY.—The duty imposed upon the city council of the city of Bakersfield to order and fix a day for the holding of a recall election upon being presented with a duly certified recall petition is mandatory only where a petition sufficient in form and substance is presented.  If any requisite and material statement is omitted therefrom so as to make it appear that the petition is invalid, the council is justified in refusing to order and fix a day for the holding of such election.

[2] ID.—GROUNDS FOR REMOVAL—STATEMENT OF NOT NECESSARY.—
Under the charter of the city of Bakersfield it is not necessary
that the affidavit required to be filed by an elector as a condition
precedent to the issuance of the recall petition papers or that the
recall petition contain a statement of the grounds upon which the
removal is sought.

PROCEEDING in Mandamus to compel the city council
of the city of Bakersfield to order and fix a day for the
holding of a recall election. Writ issued.

The facts are stated in the opinion of the court.

Irwin & McNamara for Petitioner.

Kaye & Siemon for Respondents.

JAMES, J.—Mandate to compel the respondent, city coun-
cil of the city of Bakersfield, to order and fix a day for the
holding of a recall election. A petition, duly certified by the
clerk of the municipality to be sufficient and asking for the
recall of a councilman, was submitted to the respondent
council. Notice of the certification and submission of such
petition was also given to the officer sought to be recalled
by said clerk, as the city charter provided, and said official
failed to take advantage of the option given him by the
charter to resign. Nevertheless, the city council continued,
and still continues, to refuse to order and fix a day for the
holding of the recall election. The alternative writ was
issued herein and, by way of return, demurrer and answer
were filed. The answer raised no issue of fact and the entire
cause was submitted after argument by counsel. The sole
point relied upon by respondents as justifying the refusal
of the council to order the recall election is that the petition
contained no statement of the ground upon which the removal
of the officer was sought and hence was insufficient. [1]
Upon being presented with a duly certified recall petition
the duty of the city council under the provisions of the
charter to order an election to be held is a mandatory one.
This duty, however, is mandatory only where a petition suffi-
cient in form and substance is presented. If any requisite
and material statement was omitted therefrom so as to make
it appear that the petition was invalid, the council would be
justified in the action taken. (*Conn* v. *City Council of the*

*City of Richmond,* 17 Cal. App. 705, [121 Pac. 714, 719].)
The charter of the city of Bakersfield (Stats. 1915, p. 1552)
contains provisions authorizing the recall of municipal officers.
Sections 87, 88, and 90 read as follows:

"Sec. 87. Any officer elected or appointed for a definite
term may be recalled, after the expiration of three months
from the commencement of his term, by the electors entitled
to vote for his successor. When a petition for the recall of
a councilman is presented signed by electors of the ward
which he represents, equal in number to twenty-five per cent,
or more, of the total vote cast for councilman in such ward,
at the last general election, and certified by the clerk, and
his resignation shall not have been received, as herein pro-
vided, the recall of such councilman shall be submitted to
a vote of the electors of said ward. When the officer sought to
be recalled is not a councilman, the recall of such officer shall
be signed by electors of the city equal in number to twenty-
five per cent, or more, of the number of votes cast at the last
general election. The signatures to such petition need not be
all appended to one paper.

"Sec. 88. Petition papers shall be procured only from the
clerk, who shall keep a sufficient number of such blank peti-
tions for distribution, as herein provided.

"Sec. 90. Each signer of a recall petition shall sign his
name in ink or indelible pencil and shall place thereon after
his name his place of residence by street and number. To
each such petition paper shall be attached an affidavit of the
circulator thereof, stating the number of signers to such
part of the petition and that each signature appended to the
paper was made in his presence and is the signature of the
person whose name it purports to be."

By section 161 of the charter it is provided that "when-
ever any municipal function or affair arises, for which no
provision is made by this charter or ordinances, the law of
the state applicable thereto shall govern." Section 86 of the
same law provides that the provisions of the state law "re-
lating to the qualifications of voters, the manner of voting,
the duties of election officers, the canvassing of returns, and
all other particulars in respect to the management of elec-
tions, so far as they may be applicable and not inconsistent
or in conflict with this charter shall govern all elections."

[2]   Viewing these provisions of the charter, respondents insist, first, that the charter does not contain complete direction as to what shall be the contents of recall petitions; second, that the charter being deficient in the respect last noted, the general state law governing the recall of municipal officers becomes applicable by reason of the references made in the provisions of section 161, above quoted.  We may assume at the outset for the purposes of this case that the general laws of the state are applicable and control in the municipal affairs of the city of Bakersfield wherever it has been omitted by the charter to cover the same matters.  But it appears that the framers of the charter did make specific provision, not only for the manner of the recall of the municipal officers, but gave sufficient direction as to what the substance of the recall petition should be.  Referring to the general law on the same subject (see Deering's Gen. Laws, 1915 ed., Act No. 2555), we find that paragraph 87 of the charter in general parallels the provisions of section 1 of the general law, but omits therefrom the direction found in the general law that a recall petition ''shall contain a statement of the grounds on which the removal or recall is sought, which statement is intended solely for the information of the electors.''   That this omission was intentional is borne out by the further requirement in section 89 of the charter relative to the filing of an affidavit by an elector—a condition precedent to the issuance of petition papers—which affidavit is required to state ''the name and office of the officer sought to be removed.''   It is not required that this affidavit shall set forth any grounds upon which the removal is sought, and to us it appears to have been the clear intention of the framers of the charter that no such ground need be stated.  For the reasons given, it is not made to appear that the petition, as certified to the council by the clerk, was insufficient in form or substance; hence the mandatory duty rested with respondents to ''order and fix a day'' for the holding of the recall election as the charter provides.

The demurrer of respondents to the petition is overruled. Peremptory writ of mandate is ordered to be issued as prayed for in the petition, petitioner to have his costs.

Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 22, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1919.

All the Justices concurred.