[Civ. No. 3994. Second Appellate District, Division Two.—June 6, 1925.]

## MAUDE C. GAFFNY, Respondent, v. A. MICHAELS, Appellant.

[1] FINDINGS—PLEADINGS—IMMATERIAL VARIANCE.—In an action to recover a sum of money alleged to be due from defendant to plaintiff through the sale of stock, as the result of an audit which the parties had previously agreed upon, where the complaint alleges that the stock was that of the Santa Monica Soft Water *Company*, and the findings, either inadvertently or as the result of evidence offered, recite that the transaction in question arose over the sale of stock of the Santa Monica Soft Water *Laundry*, and the appeal by defendant is on the judgment-roll alone, and it does not appear that the name of the corporation was the sub-

ject of controversy, or that the wrong business was audited, such variance is immaterial.

[2] ID.—VARIANCE—AMENDMENT OF PLEADINGS.—Where the variance between an allegation and the proof is immaterial—that is, where it is not of such a character as to mislead the adverse party to his prejudice, in maintaining his action or defense upon its merits—the court may either direct an immediate amendment of the pleadings to conform to the proof, or it may direct the fact to be found according to the evidence without requiring such amendment.

[3] ID.—VARIANCE—EVIDENCE—FAILURE TO OBJECT—APPEAL—PRE-SUMPTIONS.—On appeal from the judgment in such action every intendment and presumption, not contradicted by or inconsistent with the record, will be indulged in favor of the judgment of the court a quo; and where the appeal is on the judgment-roll alone and there is nothing therein inconsistent with the presumption that plaintiff, when putting in his case, proved that the stock was that of the corporation referred to in the findings, and not that referred to in his complaint, such presumption will be indulged; and in the absence of anything in the record on appeal to the contrary, the further presumption will be indulged that defendant did not object to such evidence on the ground of variance.

[4] ID.—ABSENCE OF PREJUDICE—TACIT ADMISSION.—The failure of a party to object to evidence upon the ground of variance between it and the allegations of the adversary's pleading is a tacit admission that he is not misled by it to his prejudice in maintaining his action or defense on the merits.

(1) 31 Cyc., p. 702, n. 33.   (2) 31 Cyc., p. 713, n. 47.   (3) 4 C. J., p. 786, n. 31.   (4) 31 Cyc., p. 756, n. 79.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fogel & Beman for Appellant.

Floyd S. Sisk for Respondent.

CRAIG, J.—It was alleged in the complaint filed by respondent, and admitted by the answer thereto, that on or

2. See 21 Cal. Jur. 264.
3. See 2 Cal. Jur. 852; 2 R. C. L. 219.
4. See 21 Cal. Jur. 266; 21 R. C. L. 606.

about the second day of January, 1921, the appellant purchased from respondent and the latter's assignor certain capital stock of the Santa Monica Soft Water Company, a corporation, and that appellant then agreed to pay therefor, in addition to the stipulated sale value, such amount of profit as an audit of the company's accounts might show to have been earned between August 28, 1920, and December 31, 1920. The plaintiff alleged that an audit was made by competent accountants, and that the amount thereby determined to have been earned during said period of time was the sum of $1,413.60, for which the plaintiff prayed judgment. The defendant denied that it was determined by said or any account, or that it was the fact, that any profit was so earned, or that he ever became or then was indebted to the plaintiff on account of such purchase in any amount.

The case went to trial upon the issues thus presented by the pleadings, and at the conclusion thereof the trial court found that the allegations of the complaint were true, except as to the amount and the name of the corporation. Written findings were signed and filed wherein it was recited that from an audit of the books by a chartered public accountant it appeared that the sum of $1,413.60 had been earned upon said stock within the time specified, but that from oral evidence adduced at the trial it was found that defendant was indebted to the plaintiff under the terms of their agreement in the sum of $797.28.

This appeal is taken from the judgment solely upon the ground that the findings and the judgment do not conform to the allegations contained in the complaint.

Appellant's brief raises no objection to the findings or judgment upon any attempted assertion that the evidence was insufficient to support them as to the amount of indebtedness, or the fact that it was due. The complaint alleged that the corporation whose stock was purchased by appellant was that of the Santa Monica Soft Water Company, a corporation, but the findings recite that "defendant purchased from plaintiff twenty-four hundred (2400) shares of stock in the Santa Monica Soft Water Laundry, a corporation." Appellant contends that the judgment is based upon findings which nowhere mention or consider the company named in the complaint. Authorities are cited wherein

it was held that a finding upon a fact not in issue can form no element in determining the appropriate judgment to be rendered; that a plaintiff must recover, if at all, upon the case as made by his complaint; that where specific facts are put in issue, it is the duty of the trial court to find the facts specifically. Other authorities are presented, holding that a finding that plaintiff's services were worth twenty-five per cent of an agreed selling price appeared to conflict with an allegation that they were worth thirty-five per cent thereof, when the appeal was taken upon the judgment-roll alone; and that a prayer in the complaint upon a contract for lawful money of the United States would not justify a finding or judgment for gold coin.

[1] There is a wide distinction between the case at bar and those cited by appellant. In the instant case the relief sought was not specific performance of an agreement to purchase, or to deliver, the capital stock mentioned, nor was any particular stock or corporation directly involved in the controversy. This action was instituted for the recovery of a sum of money alleged to be due to the plaintiff through the sale of stock, as a result of an audit which the parties had previously agreed upon.

In alleging the necessary facts it was incidentally stated in the complaint that the stock sold was that of the Santa Monica Soft Water *Company;* the findings, either inadvertently, or as the result of the evidence offered, which is not before us, recited that the transaction in question arose over the sale of stock of the Soft Water *Laundry.* The stock itself had long since been delivered and, so far as this case was concerned, the identity of the stock had never been questioned. It is not claimed that the name of the corporation was the subject of controversy, that the wrong business was audited, or that the agreement required the payment of a certain kind of money and that the findings or judgment specified another kind. It is true that the findings and the complaint are not in accord as to the amount due, but this could not seriously be said to affect the legality of the findings or judgment. It is obvious, therefore, that any variance, if it be such, was immaterial.

In *Varney* v. *Hutchinson Lumber & Mfg. Co.,* 64 W. Va. 417 [63 S. E. 203], it was held that a judgment against the Hutchinson Lumber & Manufacturing Company would not

be set aside because the writ summoned the Hutchinson Lumbering & Manufacturing Corporation. Opportunity to amend and correct the name of the defendant was afforded the plaintiff, but this was not done, and the defendant contended upon appeal that the judgment was void. In holding to the contrary, the supreme court of West Virginia said: "Although a corporation must sue and be sued by its corporate name, yet, if some words are added, omitted, or changed in spelling, this is not a fatal variance if there be enough to distinguish it from other corporations, or to show that the corporation suing or being sued is the one intended." In *Claryville, G. L. & B. Turnp. Co.* v. *Commonwealth,* 32 Ky. Law Rep. 861, 1157 [107 S. W. 327], it was held that an indictment and summons issued against a corporation under the name of Grant's Lick, Claryville, & Butler Turnpike Company, was sufficient to bring it before the court and to validate a judgment rendered against it by default, although its true name was the Claryville, Grant's Lick & Butler Turnpike Company, where the summons was served upon its president, and the real corporation was not misled or deceived by the error. There are many other holdings of a similar nature, but in the instant case it is not contended, nor could it be, that the corporation in question was at any time interested in the litigation, or that the defendant was misled, or his rights in any way affected by the deviation complained of. In the cases to which reference is made above the corporations whose names were confused in the pleadings or judgments were directly interested in the litigation, whereas in this instance such is not the same, and the difference between the name as alleged in the complaint and that as found by the court is one which is quite immaterial. If a slight misnomer of a defendant whose rights are at stake does not affect a judgment, much less can it be said to have prejudiced the interests of a party where the name of the corporation was not at issue.

In *Stevens* v. *Stebbins,* 4 Ill. (3 Scam.) 25, it was held that "the courts at the present day are not confined to the rigid rules of *idem sonans,* but adopting a more liberal and reasonable rule, inquire whether the variance be material or immaterial. If there be a material and substantial variance, it is fatal, otherwise it is not." The same rule was applied in *Belton* v. *Fisher,* 44 Ill. 32.

In holding that the variance in question is immaterial we, have disposed of appellant's contention that the trial court failed to make a specific finding on the allegation that the corporation whose stock was purchased by appellant was that of a definite corporation; this is true, because the variance, being immaterial, the finding made is specific upon the allegation with which it deals. As we have pointed out, the variance in question was immaterial. The trial court found according to the evidence, without requiring an amendment. This action upon its part was fully authorized by section 470 of the Code of Civil Procedure.

[2] Where a variance between an allegation and the proof is immaterial—that is, where it is not of such a character as to mislead the adverse party to his prejudice, in maintaining his action or defense upon its merits, the court may either direct an immediate amendment of the pleading to conform to the proof, or it may direct the fact to be found according to the evidence without requiring such amendment. (Code Civ. Proc., sec. 470.)

The judgment is affirmed.

FINLAYSON, P. J. and WORKS, J., Concurring.—We concur. The record before us consists only of the judgment-roll. That record, in view of the permissible presumptions which may be indulged to support the judgment, fails to show that the trial court erroneously based its judgment upon a finding outside of the issues, even though the court did find that the stock was issued by the Santa Monica Soft Water *Laundry* instead of by the Santa Monica Soft Water *Company*, as alleged in the complaint. [3] On appeal every intendment and presumption, not contradicted by or inconsistent with the record on appeal, will be indulged in favor of the judgment of the court *a quo*. There is nothing in the judgment-roll before us inconsistent with the presumption that respondent, when putting in his case, proved that the stock was that of the corporation referred to in the findings, the Santa Monica Soft Water Laundry; nor is the record inconsistent with the further presumption that appellant did not object to such evidence on the ground of variance. [4] The failure of a party to object to evidence upon the ground of variance between it and the allegations

of his adversary's pleading is a tacit admission that he is not misled by it to his prejudice in maintaining his action or defense on the merits. Indeed, his failure so to object, affords the best possible evidence that the variance has not misled him to his prejudice. A variance which does not mislead a party to his prejudice in maintaining his action or defense on the merits is not deemed to be material (Code Civ. Proc., sec. 469); and where the variance is not material, the court may either direct the fact to be found according to the evidence, without amendment of the pleading, or it may order an immediate amendment (Code Civ. Proc., sec. 470). It must be presumed, therefore, in support of the judgment, that appellant made no objection in the trial court upon the ground of variance, and that, therefore, the court properly found the fact according to the evidence without requiring an amendment.