[L. A. No. 14854. In Bank.—February 20, 1935.]

A. HALL McALLISTER, Respondent, v. UNION INDEMNITY COMPANY (a Corporation), Appellant.

Kidd, Schell & Delamer for Appellant.

W. J. Gilbert for Respondent.

PRESTON, J.—The question here is whether the relief afforded plaintiff was within the scope of the issues framed by the pleadings in the cause.

The amended complaint alleged breach of an oral contract for employment of plaintiff by defendant for one year from August 16, 1928, at an annual salary of $11,000, through the wrongful discharge of plaintiff on September 15, 1928. The answer, among other things, alleged as a third separate defense that said contract, if any, was mutually canceled on said September 15th. The court found this to be the fact and that upon said mutual termination of the employment defendant agreed to pay plaintiff $500 removal expenses and an amount equal to six weeks' salary at the rate of $11,000 per annum; that the $500 was paid but the salary amount was not paid. The court expressly failed to find on other issues and judgment followed for plaintiff in the sum of $1683 and costs. Defendant appealed.

It is appellant's contention that plaintiff sued on one contract (the contract of employment) and, without amending his complaint, recovered upon another (the cancellation contract), thus preventing the interposition of defenses available against the latter contract but not available against the former, and allowing plaintiff to recover by proving his own cause of action to be groundless and asserting a right to affirmative relief based upon an issue raised by his own denial.

This contention is technical and does not reach the case on its merits. Examination of the record shows that the evidence supports the findings and there has been no miscarriage of justice. Appellant was not taken by surprise or misled to his prejudice by variance between pleadings and proof. At the close of plaintiff's case, at the time of denial of appellant's motion for nonsuit, plaintiff's counsel intimated his willingness to amend the complaint, whereupon the court stated: "You can consider it, and in the meantime, we will go ahead with the trial." The trial proceeded as though all matters touching said cancellation agreement were fully at issue and testimony bearing upon it was freely introduced. No further effort was made to amend the complaint; the motion for nonsuit was not renewed nor did appellant avail itself of an opportunity tendered by the court to move to strike out any portion of the answer.

In this situation it cannot be said that the trial court was not authorized to make findings upon said issues re-

lating· to the cancellation agreement. It is clear that appellant's right to stand upon the failure to amend the complaint was waived.

■ Section 580 of the Code of Civil Procedure provides that the court may grant a plaintiff any relief consistent with the case "made by the complaint and embraced within the issue".

"The word 'issue' as used in this code section is broader than the complaint where the answer enlarges the same by introducing new matter. (Sec. 590, Code Civ. Proc., and *Rogers* v. *Riverside Land etc. Co.,* 132 Cal. 9 [64 Pac. 95].)

■ It is also true that the parties·may voluntarily submit and try an issue without any specific pleadings ,and thus be estopped from complaining thereat after judgment. (*Poledori* v. *Newman,* 116 Cal. 375, 377 [48 Pac. 325] ; *Mock* v. *Santa Rosa, supra* [126 Cal. 330, 58 Pac. 826] ; *Sidler* v. *Bakersfield,* 43 Cal. App. 349 [185 Pac. 194] ; *McDougald* v. *Hulet,* 132 Cal. 154, 163 [64 Pac. 278].) " (*Baar* v. *Smith,* 201 Cal. 87, 98, 99 [255 Pac. 827].)

See, also, *Sprigg* v. *Barber,* 122 Cal. 573, 579 [55 Pac. 419], *Illinois etc. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285 [47 Pac. 60], *Peck* v. *Noee,* 154 Cal. 351 [97 Pac. 865] , and *Gaffny* v. *Michaels,* 73 Cal. App. 151, 156 [238 Pac. 746].)

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.