[L. A. No. 15066. In Bank.—June 28, 1935.]

ADOLPH MUEHLEISEN et al., Petitioners, v. JOHN F. FORWARD, Jr., as Mayor, etc., et al., Respondents.

Charles C. Crouch, Geo. H. Stone, Frank M. Downer, Jr., Jas. G. Pfanstiel, and Nicholas J. Martin for Petitioners.

C. L. Byers, City Attorney, and H. B. Daniel, Deputy City Attorney, for Respondents.

THE COURT.—This is a petition for a writ of mandate, to compel respondents as members of the city council of San Diego to call an election for the recall of certain officers of the city.

Five petitions were delivered to the city clerk on June 30, 1934, demanding recall of four members of the city council and of the city attorney. Notice of insufficiency of signatures was given by him, and supplemental petitions with additional signatures were filed, whereupon on July 23, 1934, the clerk certified that the requisite number of voters had been obtained, and presented the petitions to the city council. This body refused to call the election on the ground that the proceedings did not comply with the law. Thereupon petitioners sought this writ.

The statute governing recall of municipal officers (Deering's Gen. Laws, 1931, Act 5620a) provides that the proponents of a petition shall first publish a notice of intention to do so accompanied by a printed statement of the reasons for the proposed recall; that the notice and statement shall be published in a newspaper of general circulation, or where none is published within the county, posted in three public places; that a copy of the notice shall be served upon or sent to the officer sought to be recalled, and an affidavit of service filed with the clerk; that within fourteen days thereafter the said officer may publish an answer to the statement; that the petitions shall contain a copy of the notice of intention, and the statement and any answer made thereto, or if the officers have failed to make any answer, this shall be stated. The proponents of the recall proceed-

ing under review made no attempt to comply with these statutory requirements, and it is clear that if the general law applies to recall elections in the city of San Diego, the proceeding was invalid. It therefore becomes necessary to determine whether that law applies to such elections.

The city of San Diego has a freeholders' charter, adopted under the provisions of article XI, section 8 of the California Constitution. It is settled that in cities operating under such charters, recall of officers is a municipal affair, which may be governed by the provisions of the charter, and that the general law in such cases is superseded. (*Bricker* v. *Banks,* 98 Cal. App. 87 [276 Pac. 399] ; *Scheafer* v. *Herman,* 172 Cal. 338 [155 Pac. 1084] ; *Sidler* v. *City Council of Bakersfield,* 43 Cal. App. 349 [185 Pac. 194].) The statute governing recall (cited *supra*) itself declares in section 17 that it is not intended to apply to a city having a freeholders' charter and providing therein its own system of recall. Hence if the San Diego charter contains a complete recall procedure, and petitioners have followed it, they are entitled to the writ.

But the charter does not embody such a system. It provides (art. III, sec. 23) that the right to recall "shall be exercised in the manner provided by the Constitution and general laws of the State of California". It further states: "Ordinances may be initiated, or the Referendum exercised on ordinances passed by the Council, and any elective official may be recalled from office, under the provisions of the Constitution and the general laws of the State, provided . . . that for the recall of an elected officer it shall require a petition signed by twenty-five per cent of the entire vote cast in the City at the last preceding election for the office of governor. Petitions for the Initiative, Referendum, or Recall shall be on forms prescribed by an ordinance of the Council and shall state in full the ordinance to be initiated or referred or the officer to be recalled with reasons for such recall. This statement shall appear at the head of each petition . . . " (Stats. 1931, chap. 47.)

Two things appear very plainly in the above-quoted section: First, that the charter provides no system of its own; second, that it incorporates by reference, and makes applicable to the city the system established by the general law,

subject to certain provisos. Not only is there no intent to exclude the general law; that law is expressly made applicable by direct reference, and impliedly made applicable by the failure to set up an alternative scheme. The meager provisions of the charter section are wholly inadequate as a system for recall, and are by their nature, as well as by designation, mere provisos, which modify the general law theretofore referred to and made controlling. It requires no citation of authority to justify the conclusion that in such a situation the recall proceedings must conform to the general law, as modified by the charter provisos. The cases relied on by petitioners were concerned with charters which embodied a complete recall scheme of their own, and are consequently not in point. (See *Scheafer* v. *Herman, supra; Sidler* v. *City Council, supra.*)

It is to be noted, moreover, that the charter provides that the recall petitions shall be on forms prescribed by an ordinance of the city council, and shall state the reasons for such recall at the head of each petition. Ordinance No. 47 of the council prescribes a form for the petitions, similar in its requirements to the general law. It provides that the petition must contain a copy of the printed or posted notice of intention, and a copy of the officer's answer to the statement of reasons for the recall, or a statement that he has made no answer. There was no compliance with the requirements of this ordinance by the proponents of the recall, and it is suggested in justification of this omission that the city council cannot, by ordinance, contravene the provisions of the charter. This may be conceded, but it is manifest that the charter is not contravened by an ordinance specifying the form of petitions when the charter itself declares that the form shall be specified by such ordinance, and, moreover, where the form adopted follows that of the general law made controlling by the charter.

It is impossible to hold that the proceedings under review were valid. The question is not of strict or liberal construction, nor is the case one of immaterial or unsubstantial departure from formal requirements. The charter provision is clear and requires no interpretation; and the requirements which were not followed are among the most important elements of the recall system established by the statute. It would seem that unless the general law governs

recall elections in San Diego, no valid recall election could be held there, since no other procedure is provided.

The alternative writ is discharged and the peremptory writ denied.