[Civ. No. 4104. Fourth Dist. Jan. 24, 1950.]

## LAWRENCE G. LYNN, Appellant, v. DEWEY M. CABLE, Respondent.

Henry F. Rager for Appellant.

Nichols, Cooper & Hickson, Raymond G. Lamb and A. L. Hickson for Respondent.

MUSSELL, J.—This is an action for damages for breach of a lease agreement. On the 14th day of June, 1946, plaintiff and defendant herein entered into an agreement, in writing, under and pursuant to the terms of which the defendant leased to plaintiff a building at the Claremont Airport in the county of San Bernardino at a monthly rental of 10 per cent of the gross income of defendant, with a minimum rental payment of $75 per month. The lease provided that the lessor make certain improvements to the building as soon as materials therefor were available and that the lessee should have the exclusive right to conduct the business of the repairing, inspecting and servicing of aircraft engines on the premises. A controversy arose between the parties with respect to the payment of the rents and also as to the performance of the terms of the lease by the lessor and on the 28th day of May, 1947, the defendant, Dewey M. Cable, filed an action for unlawful detainer in the Justice's Court of San Bernardino Township, in the County of San Bernardino. This action was No. 13197 of the records of that court. The complaint contained allegations that the plaintiff was the owner of the property; that the lease was executed by the parties; that the defendants failed to pay the monthly rental from and after the 20th day of December, 1946, to the 20th day of May, 1947, and were indebted to the plaintiff for rental for said period in the total sum of $375; that the plaintiff made a demand for the payment of the rental or the delivery of the property and that the plaintiff elected to declare the lease forfeited. Damages were asked for in the sum of $2.50 per day from and after May 20, 1947, until possession of the property was given to the plaintiff. An answer was filed admitting the execution of the lease and denying all the remaining allegations of the complaint. The action was tried and a memorandum of decision was signed by the court, as follows:

"THIS CAUSE tried on September 11, 1947, at 2 P.M. Plaintiff asked leave to amend complaint on account of rent and abandon unlawful detainer. Motion granted on stipulation of defendant on condition that defendant be permitted to introduce evidence in opposition thereto. Plaintiff showed rent for five months at $75.00 per month due and unpaid. Defendant offered evidence that plaintiff had not completed the building and showed material had been available therefor, and that plaintiff had failed and neglected to install a separate

electric power meter and meter switch, and refused defendant right to use the electric current.

"Damages allowed to defendant $168.75 as offset against plaintiff's claim for $375.00. Judgment for plaintiff for $206.25."

No appeal was taken from this judgment and it became final.

On September 11, 1947, plaintiff, Lawrence G. Lynn, filed the present action in the superior court for a breach of the lease agreement, alleging generally that the defendant, Dewey M. Cable, had breached the agreement by failing and refusing to comply with the conditions thereof with respect to the completion of the building; by failing to grant the exclusive rights to the repairing business to plaintiff; by failing to install a separate electric power meter and switch, and by cutting off the electricity supplied to the premises. Damages were prayed for in the sum of $30,000.

At the time of the trial of the instant action, the defendant objected to the introduction of evidence as to breach of the lease and damages on the ground that the justice court action was res judicata as to the issues presented and that the plaintiff was estopped from setting up further damages as against the defendant. It was agreed between the parties that this issue should be litigated prior to a further hearing on the question of damages and breach of the lease. ■ Testimony was then adduced concerning the proceedings had in the justice court and on conflicting evidence, the court found that the lease was executed as alleged in both cases; that at the trial of the action in the justice court, the plaintiff therein, Dewey M. Cable, amended his complaint in open court by permission of the judge and proceeded to trial without objection by the defendant on a complaint for rent for the premises for a period of five months at a total rental of $375 and that the defendants offered evidence that the plaintiff in the action had not completed the building, being the subject of the lease, as agreed; that the court granted and allowed to the defendants the sum of $168.75 as damages against the plaintiff and gave judgment for the plaintiff for the sum of $206.25. The trial court further found that the judgment in the justice court action was res judicata and a bar to recovery under the present action. The findings of the court find substantial support in the evidence and cannot be here questioned. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)

■ The action in the justice court was one for unlawful

detainer which is primarily an action for the recovery of property, and the recovery of rent is a mere incident to the main object. (*Markham* v. *Fralick,* 2 Cal.2d 221, 227 [39 P.2d 804.) However, in the present action, it is apparent from the judgment rendered in the justice court that the parties had tried the case as an action for rent and upon stipulation, the defendant was accorded the privilege of offering evidence to offset the rent. The sum of $168.75 deducted from the rent due was apparently allowed as damages to the defendant for the failure of the plaintiff to abide by the terms and conditions of the lease. As set forth in the memorandum of decision, there was evidence offered that the plaintiff had failed to complete the building and had failed and neglected to install a power meter and refused the defendant the right to use the electric current.

In *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892], the questions pertinent to the determination of the validity of a plea of res judicata are set forth as follows:

"Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

In *Krier* v. *Krier,* 28 Cal.2d 841, 843 [172 P.2d 681], it was held that a judgment in a prior question between the same parties on the identical cause of action is res judicata and a bar to a second suit thereon, not only as to issues actually determined therein but also as to issues necessarily involved.

We conclude that the plea of res judicata was valid in view of the circumstances set forth in the record. Furthermore, as was said in *McAllister* v. *Union Indemnity Co.,* 2 Cal. 2d 457, 460 [42 P.2d 305]:

"It is also true that the parties may voluntarily submit and try an issue without any specific pleadings and thus be estopped from complaining threat after judgment (*Poledori* v. *Newman,* 116 Cal. 375, 377 [48 P. 325] ; *Mock* v. *Santa Rosa, supra* [126 Cal. 330, 58 P. 826] ; *Sidler* v. *Bakersfield,* 43 Cal.App. 349 [185 P. 194] ; *McDougald* v. *Hulet,* 132 Cal. 154, 163 [64 P. 278].) (*Baar* v. *Smith,* 201 Cal. 87, 98, 99 [255 P. 827].) "

In the instant case the judgment in the justice court is admittedly final, no appeal having been taken therefrom and the defendant therein (plaintiff in the instant case) is

bound by the judgment and was estopped to retry the issues involving damages for the alleged breach of the lease by the landlord.

Judgment affirmed.

Griffin, Acting P. J., concurred.