[Civ. No. 17637.   Second Dist., Div. One.   Jan. 31, 1950.]

JENNIE REITES et al., Petitioners, v. RUSSELL B. WILKERSON et al., Respondents.

Enger & Hiller for Petitioners.

Ray L. Chesebro, City Attorney (Los Angeles), Bourke Jones and Roger Arnebergh, Assistant City Attorneys for Respondents.

THE COURT.—This is an original proceeding in this court against the City Clerk of the City of Los Angeles to compel him to examine certain recall petitions to determine whether the same are signed by the requisite number of qualified electors and certify the results of such examination to the city council. Respondent city clerk has filed a demurrer and answer to the petition filed herein.

It is agreed that to call an election for the recall of Mayor Fletcher Bowron of Los Angeles, it is necessary to have upon the petition therefor at least 89,497 names, qualified in accordance with the provisions of the city charter. A petition for recall was filed containing 129,662 purported signatures. The petition consisted of 1,743 sections.

Five hundred nine-three of these sections were declared invalid by the superior court, which by its judgment directed the city clerk not to count the 50,734 names thereon. Subtracting 50,734 from 129,662 leaves 78,928 names, or not enough to call the election.

The sections ruled out appeared to be proper as to form. They were adjudged insufficient because the affidavits of the persons circulating the petitions failed to certify them in accordance with the provisions of the city charter.

A recall in a chartered city is a municipal affair. (*Muehleisen* v. *Forward*, 4 Cal.2d 17 [46 P.2d 969].)

The city clerk is the exclusive judge of the sufficiency of recall petitions in all particulars and courts are excluded

from inquiry concerning them. (*Baines* v. *Zemansky,* 176 Cal. 369 [168 P. 565].)

Of course, the duty of the city clerk is to be performed impartially and if done fraudulently or arbitrarily, his action may be controlled by mandamus. (*Tilden* v. *Blood,* 14 Cal. App.2d 407 [58 P.2d 381].)

The controlling rule in such cases as this is stated in *Ley* v. *Dominguez,* 212 Cal. 587, at pages 593 and 602 [299 P. 713]:

". . . to protect the people of this state in the exercise of this reserved legislative power, statutory or charter provision dealing with the referendum should be afforded the same liberal construction afforded election statutes generally. . . .

". . . It must be remembered that his [the city clerk's] duties are purely ministerial and not judicial. Under the law, he should exercise his powers and perform his duties in such a manner as will, whenever possible, protect rather than defeat the right of the people to exercise their referendary powers."

▮ To rule out names of qualified voters solely because of failure to properly certify them, when such failure may be corrected, in the office of the city clerk, constitutes an arbitrary exercise of ministerial powers. And the superior court is without power to direct the clerk not to count such names.

▮ While the provisions of the city charter (§§ 273, 290, subd. B) provide that within 20 days from the date of filing a recall petition, the city clerk shall examine the same and ascertain whether or not said petition is signed by the requisite number of qualified electors of the city, and shall certify the result of the examination to the city council, such provisions are directory only (*Scheafer* v. *Herman,* 172 Cal. 338, 344 [155 P. 1084]). The rights of the persons signing the petitions are not destroyed by the refusal of the city clerk to act upon such petitions within the time prescribed. It is the duty of the city clerk to proceed now to examine the foregoing petitions in the same manner as if he had begun the examination within the 20 days provided by the charter and to certify the results of such examination to the city council. And if by said certificate of the city clerk the petition for the recall of the Mayor of the City of Los Angeles is found to be insufficient, "it may be amended by filing a supplemental petition or petitions within ten days from the date of such certificate" (Los Angeles City Charter, *supra*).

The demurrer of respondent city clerk is overruled and it is therefore ordered that a peremptory writ of mandate issue:

(a) Directing the city clerk to permit the sponsors of the recall petitions to affix a notarial jurat, and to make such other clerical corrections of the same, if they can, as will conform to the provisions of the city charter. For this purpose, however, none of said petitions are to be removed from the custody of the city clerk.

(b) And when any of said petitions are properly certified, to determine whether the names thereon comply with the provisions of the city charter, and if so, to count them for the purposes of the proposed recall election.

(c) And to certify the result of such examination to the city council in conformity with the foregoing provisions of the charter.

(d) That in the event such certification taken in conjunction with the previous certificate made to the city council shows the entire recall petitions to contain less than the requisite number of qualified electors of the city of Los Angeles, to permit, within 10 days after such certification, the filing of a supplemental petition or petitions in conformity with the charter provisions.

A petition for a rehearing was denied February 6, 1950, and respondents' petition for a hearing by the Supreme Court was denied March 30, 1950. Shenk, J., voted for a hearing.

The following order was filed on May 15, 1950:

THE COURT.—Upon motion of petitioners, and good cause appearing therefor, it is ordered that the peremptory writ of mandate heretofore issued in the above entitled cause be modified to permit the sponsors of the recall petitions, within thirty working days (to and including June 28, 1950) from and after the 15th day of May, 1950, within which to make such other clerical corrections of said petitions with regard to precincts and dates as will conform to the provisions of the Charter of the City of Los Angeles;

And further, to permit the sponsors of the recall petitions and/or the persons who circulated said recall petitions, within thirty working days from and after the 15th day of May, 1950, within which to affix a notarial jurat and/or affidavit on any section of said recall petitions which have heretofore been affixed improperly.