[Civ. No. 16212. First Dist., Div. Two. Mar. 31, 1954.]

ANTONE ALBERT et al., Appellants, v. IRENE TEMPLETON JAMIESON, as City Clerk, etc., Respondent.

Haley, Schenone & Tucker, Raymond N. Baker and C. W. White for Appellants.

George P. Oakes, City Attorney (Hayward), for Respondent.

KAUFMAN, J.—This is an appeal by the petitioners, Antone Albert, Louis A. Bozzi, Jr., and Henry R. Gall, from the judgment of the superior court whereby a petition for a writ of mandate was denied and wherein the sole question presented to the court involved the determination of the propriety of the action of the city clerk, defendant (respondent), in rejecting the three nomination papers proposing the three petitioners (appellants) as candidates for councilmen at the forthcoming city of Hayward municipal election to be held the 13th day of April, 1954. The city clerk of the city of Hayward rejected each of the said nomination papers and refused to certify each of the said three petitioners as nominees for such office for the reason that each of said nomination papers shows on its face that all of the signatures of the voters appearing thereon were signed and affixed thereto prior to the first date allowed by law for the signing of said nomination papers, to wit: that all of the signatures of said voters were signed and affixed thereto earlier than the 12th day of February, 1954, the 60th day before the date for holding the 1954 municipal election in the city of Hayward.

Section 9756 of the Elections Code of the State of California specifies the method of nominating candidates for any elective office in the city of Hayward and reads as follows:

Method of nomination. "Candidates may be nominated for any of the elective offices of the city in the manner following:

"*Not earlier than the sixtieth day nor later than 12 o'clock noon on the fortieth day before a municipal election, the voters may nominate candidates for election by signing a nomination paper* except that not later than 12 o'clock noon on the fifteenth day before an election, the voters may nominate, by signing a nomination paper, candidates for election to fill a vacancy in office caused by a recall. Each candidate shall

be proposed by not less than five nor more than ten voters, but only one candidate may be named in any one nomination paper. No voter may sign more than one nomination paper for the same office and in the event he does so his signature shall count only on the first nomination paper filed which contains his signature. Nomination papers subsequently filed and containing his signature shall be considered as though his signature does not appear thereon. Each seat on the governing body is a separate office. Any person registered to vote at the election may circulate a nomination paper. Where there are full terms and short terms to be filled, the term shall be specified.'' (Emphasis ours.)

It is our view that section 9756 of the Elections Code is clear and unambiguous on its face. It is not subject to special interpretation or construction, therefore it means exactly what it says. Appellants have not complied with the clear language of the section. To permit them to be certified as nominees for public office would be giving them an unfair advantage over candidates who complied with the section. For instance, it would make it possible for them to procure signatures from citizens in advance when such citizens are not in a position to know all the candidates seeking the office. Also it would tend to disqualify another candidate who subsequently within the time set by the law secures the same signatures thus making the valid signatures upon the nomination papers below the required number. Furthermore, one starting date for all tends to prevent the nomination of candidates by citizens who have died, moved, or are no longer qualified. (*Gage* v. *Jordan,* 23 Cal.2d 794, 804 [147 P.2d 387] ; *Muehleisen* v. *Forward,* 4 Cal.2d 17 [46 P.2d 969].)

Appellants contend that section 9708 of the Elections Code providing for liberal construction makes their nomination papers valid. But this section by its very terms only applies to cases after an election has been held. Also, it applies only to cases where construction is necessary. Here there is no question of construing the statute. We have only a clear cut omission on the part of appellants to comply with a statute clear and unequivocal in its terms and provisions. (*Muehleisen* v. *Forward, supra.*)

In *Uhl* v. *Collins,* 217 Cal. 1 [17 P.2d 99, 85 A.L.R. 1370], the placing of the date of signing of an initiative petition was held to be mandatory. The statute before us (Elec. Code, § 9757) likewise provides for the affixing of the date of signing. If the date of signing is mandatory the com-

mencement of a period when signatures can be affixed must also be held to be mandatory. (See *Thompson* v. *Kerr*, 16 Cal.2d 130 [104 P.2d 1021].)

An election race like other races in life to be fair and just to all must have a certain starting point. To permit a contestant to get the jump on his opponent would be unfair and inequitable. The law providing for the start of the race here involved is clear. It was the clear duty of appellants to play the game according to the rules. This they have not done.

In our opinion the nominations of appellants are insufficient for the reason that all of the signatures thereon were signed on dates prior to the period in which they were permitted to be signed by law. (Elec. Code, § 9756.)

Judgment denying petition for a writ of mandate affirmed.

Upon stipulation of the parties it is ordered that the remittitur issue forthwith.

Nourse, P. J., and Dooling, J., concurred.